193 So.2d 236 (1966)
Adele MANUS, Appellant,
v.
Allen S. MANUS, Maklaw Corporation, a Delaware Corporation, Adobe Brick and Supply Co., a Delaware Corporation, Ocean Holding Ltd., a Bahamian Corporation, and First National Bank in Palm Beach, a United States of America Corporation, Appellees.
No. 363.
District Court of Appeal of Florida. Fourth District.
December 30, 1966.
*237 John R. Barrett and Maurice M. Diliberto, Miami, for appellant.
Harry W. Stewart, Jr., of Stewart, Van der Hulse & Call, West Palm Beach, for appellees Maklaw Corp., Adobe Brick and Supply Co. and Ocean Holding Ltd.
Williamson, Gunster, Yoakley, Criser & Stewart, Palm Beach, for appellee First Nat. Bank in Palm Beach.
PER CURIAM.
This appeal is taken from an order of the trial court dismissing three corporate defendants from a divorce action.
Appellant, plaintiff below, filed this action against her husband seeking a divorce, alimony, and support for a minor. Named as defendants were a number of corporations, including, Maklaw Corporation, Adobe Brick and Supply Co. and Ocean Holding Ltd., who are appellees in this appeal.
Appellant alleges in her complaint that Appellee-Maklaw is a Delaware corporation with its principal place of business in Palm Beach County, Florida, and is doing business in the State of Florida through its wholly owned subsidiary, Adobe Brick and Supply Co. Appellant further alleges that Appellee-Adobe Brick and Supply Co. is a Delaware corporation authorized to do business in Florida and is owned by the Appellee-Maklaw.
Appellant alleges that the defendant-husband is a majority stockholder in Maklaw. Appellant further alleges that the defendant-husband has threatened to remove his assets from the state and country, if necessary, so as to avoid payment of alimony and prayed that the court would restrain said corporations from disposing of any assets or removing the same from the state.
The defendant-husband was served with process by constructive service. He has not appeared personally.
Appellee-Maklaw is a foreign corporation not qualified to do business in the State of Florida. Service was made on Maklaw by serving the president of the corporation while he was in this state en route from New York to the Bahamas.
The trial court granted the appellee-foreign corporations' motions to quash the service of process and to dismiss the complaint as to these corporations. This appeal is taken from that order.
Appellant admits the insufficiency of service of process on Ocean Holding Ltd. The defendant-husband owns no stock in Adobe Brick and Supply Co.; consequently, it was not a proper party-defendant.
We cannot deal with appellant's claims of proper service of process on Maklaw under either the "minimum contacts in Florida" or the "doing of business in Florida" theory.
The exercise of jurisdiction by the courts of Florida over a foreign corporation not authorized to do business in Florida is limited to those instances which do not offend the due process requirements of the Fourteenth Amendment to the United States Constitution. The first requirement which must be satisfied is a showing that the cause of action arose out of a transaction or operation connected with or incidental to the activities of the foreign corporation in this state. This requirement is set forth in specific terms in F.S.A. § 47.16 which authorizes service of process in any suit "arising out of any transaction or operation connected with or incidental to such business or business *238 venture." The business or business venture refers to the acceptance of the privilege extended by law to nonresidents "to operate, conduct, engage in, or carry on a business or business venture in the state." Neither the complaint nor the proofs submitted on the issue of jurisdiction disclose any cause of action that arose out of anything that Maklaw allegedly did or any obligation it incurred in Florida. The due process of law requirements limit all of our service of process statutes based on the "doing business" theory to obligations or causes of action which arose out of the activities of the foreign corporation in this state. While not so specifically stated in the statutes, other than in F.S.A. § 47.16, nevertheless, the requirement has been necessarily engrafted into and made a part of F.S.A. §§ 47.17 and 47.171 in order to satisfy due process requirements of the federal constitution. Bradbery v. Savage, Fla.App. 1966, 190 So.2d 183, and Illinois Central v. Simari, Fla. 1966, 191 So.2d 427. Since the alleged cause of action against this foreign corporation is not shown to have arisen out of an obligation or cause connected with the activities of this foreign corporation in this state, we cannot reach the question of whether or not this foreign corporation was doing business in this state.
The court properly dismissed these foreign corporations from this cause.
Affirmed.
SMITH, C.J., ANDREWS, J., and ODOM, ARCHIE M., Associate Judge, concur.