PER CURIAM.
Appellant, John Blue Company, third party defendant in the trial court, takes this interlocutory appeal from an order denying its motion to dismiss for lack of jurisdiction.
Plaintiff, Panelfab International Corporation purchased from Jesse W. Eakins Company, a foreign corporation, a glue pump manufactured by Roper Pump Company, also a foreign corporation. Due to an alleged defect in its make-up, the pump exploded causing several thousand gallons of glue to spill onto the plaintiff’s premises. Plaintiff sued the Eakins Company and Roper Pump Company for damages. Thereupon, Roper filed a third party complaint for indemnification against appellant which manufactured the casing, a component part of the pump which exploded. Process was served on appellant, an Alabama corporation, pursuant to § 48.182, Fla.Stat., F.S.A.[1] Appellant filed consolidated motions to quash service of process and to dismiss the third party complaint for lack of jurisdiction over the appellant. These motions were denied and this interlocutory appeal followed.
Appellant contends the trial judge erred in determining that service under § 48.182 is applicable to it. We agree.
As the court held in Youngblood v. Citrus Assoc. of N. Y. Cotton Exch., Fla.App. 1973, 276 So.2d 505, the resolution of the dispute over the validity of the service of process under § 48.182, Fla.Stat. depends on'[1] whether the requirements of (1) connexity, i. e. the cause of action arose out of a transaction or operation connected with or incidental to the activities of the foreign corporation in Florida, (2) commission of a wrongful act by the foreign corporation, and (3) the derivation of substantial revenue from interstate or international commerce have been met. See also. Bayitch, Conflict of Laws: Florida 1970-1971, 26 U.Miami L.Rev. 1, 25 (1971). We concern ourselves only with the requirement of connexity which is dispositive of the case before us. The record reflects that the third party plaintiff, John Roper Company, is a Georgia corporation and John Roper purchased the pump casing from the appellant third party defendant John Blue Corporation, which manufactured the casing in Alabama. After the pump was assembled in Georgia by Roper, it was shipped to the Jesse W. Eakins Company in Michigan, which in turn sold it to the plaintiff Panelfab International Corporation in Florida. Thus, we conclude that Roper’s crossclaim for indemnity does not arise out of a transaction or operation connected with or incidental to the activities of the appellant John Blue Company in Florida.
Accordingly, the requirement of connexity not having been met, the courts of Florida do not have in personam jurisdiction over the appellant.
The order appealed is reversed and the cause remanded to the trial court to enter an order quashing service of process and *149 dismissing Roper Pump Company’s third party indemnity complaint for lack of jurisdiction.
So ordered.

. “48.182 Service on nonresidents committing a wrongful act outside the state which causes injury within the state. — Any nonresident person, firm, or corporation who in person or through an agent commits a wrongful act outside the state which causes injury, loss, or damage to persons or property within this state may be personally served in any action or proceeding against the nonresident arising from any such act in the same manner as a nonresident who in person or through an agent has committed a wrongful act within the state. If a nonresident expects or should reasonably expect the act to have consequences in this state or any other state or nation and derives substantial revenue from interstate or international commerce, he may be served; provided, that if such nonresident is deceased, his executor or administrator shall be subject to personal service in the same manner as a nonresident. This section shall not apply to a cause of action for defamation of character arising from the act.”