388 So.2d 264 (1980)
GENERAL TIRE AND RUBBER COMPANY et al., Appellants,
v.
HICKORY SPRINGS MANUFACTURING COMPANY, a North Carolina Corporation and Textron, Inc., a Delaware Corporation, d/b/a Burkhart, Appellees.
Nos. 79-1156/T4-574 to 79-1165/T4-547I, 79-1169/T4-574M to 79-1181/T4-574Y, 79-1183/T4-574AA to 79-1185/T4-574CC and 79-1208/T4-574DD to 79-1219/T4-57400.
District Court of Appeal of Florida, Fifth District.
August 27, 1980.
Rehearings Denied September 29, 1980.
*265 Chris W. Altenbernd, Tampa, and O.H. Eaton, Jr., Altamonte Springs, for appellants John E. Polk, Individually, and as Sheriff of Seminole County, Florida, George Proudfoot, Seminole County, Florida, a Political Subdivision of the State of Florida, and Appalachian Ins. Co.
Joel H. Brown, Miami, for appellants Joseph R. Hart, Joseph L. Winters, Andrew J. Milan, Cynthia Smith, Daisy Ann Campbell, and Dorothy L. Gaines.
Howard R. Marsee, Orlando, for appellants Supreme Sales, Co., Inc. and Gulf Ins. Co.
Dennis J. Hightower and Karl O. Koepke, Orlando, for appellants Eddie Bond, Gary Winters, Timothy Bond Merrill, Jr., Joel McClean, Jr., Kenneth W. Hatcher, Arthur P. Hatcher, Paul Francis Gregor, Marion Lee Corey, Roy B. Clanton, et ux., Daniel Finnick Blauvelt, Franklin B. Owen, and James Lang Williams.
J. Scott Kirk and John W. Bussey, III, Orlando, for appellant General Tire and Rubber Co.
J. Michael Matthews, Altamonte Springs, for appellant Jones.
Robert B. Nadeau, Jr., Orlando, for appellee Hickory Springs Mfg. Co.
FRANK D. UPCHURCH, Jr., Judge.
This is an interlocutory appeal pursuant to Rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure, from an order dismissing appellee, Hickory Springs Manufacturing Company, who was the defendant below, for lack of in personam jurisdiction. Thirty personal injury or wrongful death actions which arose from a fire in the Seminole County jail were filed in the Circuit Court for Seminole County naming appellee as defendant. All those cases have been consolidated for this appeal.
The point on appeal is whether the lower court erred in dismissing appellee as a party defendant for lack of in personam jurisdiction.
We affirm.
The fire was started by an inmate in mattresses which contained a polyurethane foam manufactured by appellee. Appellants contend the foam is unsuitable for use in the manufacture of mattresses destined for use in jails. This material was sold by appellee to Alagold Products in Alabama, which manufactured mattresses. These *266 mattresses were then sold to Supreme Sales Company, Inc. in Georgia which in turn sold the mattresses to Seminole County for use in its jail. It was not demonstrated that appellee had any notice or knowledge that the foam it sold in Alabama would be used in mattresses destined for a jail in Florida or elsewhere. It was shown, however, that appellee had made sales of polyurethane foam in Florida to other consumers but none was in anyway connected with this occurrence. Nor was it shown that appellee recommended this product for use in jails.
Appellee, a foreign corporation, had not qualified to do business within the state.[1] Therefore, appellants were required to bring appellee within one of the two Florida "long-arm" statutes, sections 48.181 and 48.193, Florida Statutes (1979).
Section 48.181 basically provides for the acquisition of in personam jurisdiction over a foreign corporation which is "doing business" within the state. Section 48.193 sets out specific acts, including that of conducting a business, which may subject a foreign corporation to in personam jurisdiction. Section 48.193 specifically limits jurisdiction to causes of action arising from the enumerated acts. Although section 48.181 does not expressly impose the same limitation, Florida district courts have interpreted the statute as including the requirement that the cause of action be related to the business activities of the foreign corporation. Bradford White Corp. v. Aetna Ins. Co., 372 So.2d 994 (Fla. 2d DCA 1978); Hartman Agency, Inc. v. Indiana Farmers Mut., 353 So.2d 665 (Fla. 2d DCA 1978); Crown Colony Club, Limited v. Honecker, 307 So.2d 889 (Fla. 3d DCA 1975); Manus v. Manus, 193 So.2d 236 (Fla. 4th DCA 1966). See also Phillips v. Hooker Chemical Corp., 375 F.2d 189 (5th Cir.1967).
Therefore, it is necessary to show first that the cause of action arose from an obligation or cause connected with the activities of the foreign corporation before reaching the question as to whether the corporation was doing business within the state. In Manus v. Manus, 193 So.2d 236 (Fla. 4th DCA 1966), the court stated:
[S]ince the alleged cause of action against this foreign corporation is not shown to have arisen out of an obligation or cause connected with the activities of this foreign corporation in this state, we cannot reach the question of whether or not this foreign corporation was doing business in this state.
See also American Baseball Cap Inc. v. Duzinski, 359 So.2d 483 (Fla. 1st DCA 1978), cert. denied, 366 So.2d 443 (Fla. 1979).
Appellants failed to show any connection between appellee's business activities in Florida and the cause of action and therefore the court was correct in dismissing Hickory Springs as a party defendant.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] § 607.304, Fla. Stat. (1979). See also § 48.091, Fla. Stat. (1979).