409 So.2d 39 (1981)
SHOEI SAFETY HELMET CORPORATION and Shoei Kako Company, Ltd., Appellants,
v.
Donald Elymus CONLEE, Appellee.
No. 80-1234.
District Court of Appeal of Florida, Fourth District.
December 16, 1981.
On Rehearing February 17, 1982.
*40 Joseph S. Kashi of Grimmett, Conrad, Scherer & James, Fort Lauderdale, for appellants.
Edna L. Caruso and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a non-final order determining that appellants are subject to the jurisdiction of Florida courts. We affirm.
Appellant, Shoei Kako Company, Ltd., is a Japanese corporation which manufactures motorcycle helmets and accessories. Its wholly owned subsidiary, Shoei Safety Helmet Corporation, also an appellant, is a California corporation which promotes sales and collects marketing information.
Shoei Kako manufactured the motorcycle helmet involved here on September 30, 1971 and sold it in the same year to Dixie International Corporation, an Ohio corporation, in Columbus, Ohio. On September 15, 1977, Dixie International sold the helmet to 441 Cycle Shop in Fort Lauderdale. Sometime between September 15, 1977 and September 9, 1978, appellee, Donald Elymus Conlee, purchased the helmet from 441 Cycle Shop. On the last mentioned date appellee, while wearing the helmet, was operating a motorcycle which collided with an automobile. Appellee alleged that the helmet failed to cushion sufficiently the resulting impact, resulting in severe head injury.
The issue, as posed by the parties, is whether the Florida courts acquired jurisdiction over appellants pursuant to Sections 48.181 or 48.193, Florida Statutes (1979).[1]
Section 48.181(1) provides:
48.181 Service on nonresident engaging in business of state. 
(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.
Embodied within the foregoing language are two requirements to acquire jurisdiction; namely, (1) that the nonresident was doing business in Florida and (2) that the cause of action arose out of such business.
At oral argument appellants conceded that they were doing business in Florida. They maintain, however, that the cause of action did not arise out of their business activity in Florida; and, instead, arose out of their activity in Ohio.
The principle of relating the injury to the activity within the jurisdiction is recited in International Shoe Co. v. Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).[2] Reference to the *41 principle has been made by this court and others as connexity.[3] As we see it, the case boils down to whether there must be connexity to the specific manufactured object involved in the cause of action  here the specific helmet worn by the injured appellee  or whether the connexity can be to the general manufacturing activity in which the nonresident is engaged  here all models of motorcycle helmets. We find the latter more persuasive. Appellants were engaged in the business of promoting and soliciting sales of motorcycle helmets in Florida when the retailer, 441 Cycle Shop, bought the helmet from Dixie International and sold it to appellee as well as when appellee was injured. We hold that this satisfies the jurisdictional requirements of Section 48.181 and accordingly affirm the trial court's order.[4]
Based on our above holding we need not consider appellee's contention that jurisdiction was also acquired pursuant to Section 48.193(1).
AFFIRMED.
LETTS, C.J., GLICKSTEIN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.

ON REHEARING
PER CURIAM.
We grant appellants' motion for clarification and rehearing and certify to the Supreme Court of Florida pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(vi) that the decision herein is in direct conflict with the decision of the Fifth District Court of Appeal in General Tire & Rubber Co. v. Hickory Springs Manufacturing Co., 388 So.2d 264 (Fla. 5th DCA 1980).
LETTS, C.J., GLICKSTEIN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] Service of process upon either appellant pursuant to Section 48.181 is not an issue.
[2] In that case the Supreme Court said:

[To] the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.
Id. at 319, 66 S.Ct. at 160.
[3] E.g., Youngblood v. Citrus Assoc. of the New York Cotton Exchange, Inc., 276 So.2d 505 (Fla. 4th DCA 1973); John Blue Co. v. Roper Pump Co., 324 So.2d 147 (Fla. 3d DCA 1976).
[4] We recognize that by so holding we are in irreconcilable conflict with the decision in General Tire & Rubber Co. v. Hickory Springs Manufacturing Co., 388 So.2d 264 (Fla. 5th DCA 1980). See also American Baseball Cap, Inc. v. Duzinski, 359 So.2d 483 (Fla. 1st DCA 1978), cert. discharged, 366 So.2d 443 (Fla. 1979). Nevertheless, we do not believe that Section 48.181 was intended to permit a manufacturer to promote and sell its products in Florida and be subject to the jurisdiction of Florida courts only when it sells directly to a Florida enterprise and be immune from jurisdiction merely because it sold the particular allegedly defective product to a foreign corporation who in turn sold it to a Florida retailer. Such a conclusion would logically require a prospective retail purchaser in Florida, e.g., appellee here, to trace the chain of pre-retail sales to preserve his right to judicial recourse.