458 So.2d 401 (1984)
Norene PARRISH, Appellant,
v.
O. Lee MULLIS, M.D., Appellee.
No. AY-104.
District Court of Appeal of Florida, First District.
November 1, 1984.
W. Dexter Douglass of Douglass, Davey, Cooper & Coppins, Tallahassee, for appellant.
Richard Smoak and Jeffrey P. Whitton of Sale, Brown & Smoak, Chartered, Panama City, for appellee.
WIGGINTON, Judge.
Appellant was an unsuccessful plaintiff in a medical malpractice action. Following the trial, appellee moved for an award of attorney's fees pursuant to section 768.56(1), Florida Statutes (1983).[1] Appellant *402 challenged the motion on several bases, most particularly that section 768.56 is unconstitutional as applied in this case. The trial court granted the motion and awarded an attorney's fee of $11,844.50, and costs in the amount of $972.32. We reverse.
Section 768.56 became effective on July 1, 1980, and provides, "This section shall not apply to any action filed before July 1, 1980." Section 768.56(2). (Emphasis added). Appellant's suit was filed on April 22, 1981, but her cause of action accrued on February 16, 1980, almost five months prior to the effective date of the statute. In Stillwell v. Thigpen, 426 So.2d 1267 (Fla. 1st DCA 1983), we held that section 768.28(9)(a), Florida Statutes (Supp. 1980), may not constitutionally be applied to a cause of action which accrued prior to the effective date of the statute. The act became law on July 1, 1980, and was made applicable to all actions pending or filed after July 1, 1980. We reasoned that "constitutional considerations of due process preclude the retroactive application of section 768.28(9)(a)." Id. at 1268. For similar reasons we now hold that section 768.56 was unconstitutionally applied.
A litigant's right to an attorney's fee is a substantive right and a law creating that right may only be applied prospectively. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982); Love v. Jacobson, 390 So.2d 782 (Fla. 3d DCA 1980). When appellant's cause of action accrued, she was not burdened with the potential responsibility to pay the successful party's attorney's fees and costs, and appellee was not entitled to that right. The right and responsibility were later created by the legislature in order that malpractice plaintiffs, faced with this burden, "will seriously evaluate the merits of a potential medical malpractice claim." Chapter 80-67, Laws of Florida. In the instant case, it would be manifestly unfair to argue that plaintiff could have filed her lawsuit earlier to avoid operation of the statute, when, in February of 1980, she was totally unaware of the statute; it did not exist. Therefore, we hold that section 768.56 may not be retroactively applied to a cause of action which accrued prior to its effective date.
Because we have reversed the award of attorney's fees on the issue of constitutional application, we need not reach appellant's remaining points.
REVERSED.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] Section 768.56 provides in relevant part:

(1) Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney's fees shall not be awarded against a party who is insolvent or poverty-stricken....