464 So.2d 1225 (1985)
Stanley FRANKOWITZ, D.O., John Thesing, D.O., Sunrise Medical Group, James J. Yezbick, D.O., David Miller, D.O., and John A. Neily, Appellants,
v.
Myrtle PROPST and Matthias Propst, Appellees.
Nos. 84-402, 84-505 and 84-554.
District Court of Appeal of Florida, Fourth District.
January 9, 1985.
Rehearing and/or Certification Denied April 3, 1985.
Melanie G. May of Bunnell, Denman & Woulfe, P.A., and David L. Kahn of David L. Kahn, P.A., Fort Lauderdale, for appellants  Stanley Frankowitz, John Thesing, Sunrise Medical Group, James J. Yezbick and David Miller.
Bruce F. Simberg, Conroy & Simberg, P.A., Hollywood, for appellant  John A. Neily.
Guy B. Bailey, Jr., and Mercedes C. Busto, Bailey & Dawes, Miami, for appellees.
DELL, Judge.
Appellants challenge the constitutionality of Section 768.56, Florida Statutes (1983).
In August, 1981, appellees filed a complaint which alleged that each appellant, at various times commencing in 1977 and ending in June of 1980, was guilty of medical malpractice. Appellants moved to dismiss appellees' complaint asserting non-compliance with Section 768.56, Florida Statutes (1983).[1] The trial court denied the motion, *1226 conditioned upon appellees filing an affidavit in compliance with the statute. Thereafter appellants answered the complaint and affirmatively sought attorney's fees under Section 768.56. A jury found that each doctor had committed negligence and awarded Mrs. Propst damages, but found that Mr. Propst had not sustained any damages. Appellants moved for attorney's fees against Mr. Propst asserting that they prevailed on his claim, and appellees moved for attorney's fees against appellants as prevailing parties. The trial court granted appellants' motion for attorney's fees against Mr. Propst[2] and granted Mrs. Propst's motion for attorney's fees against appellants.
This appeal concerns only the award of attorney's fees to Mrs. Propst. Appellants contend that the trial judge erred by applying Section 768.56, Florida Statutes, retroactively; that Section 768.56 is unconstitutional; and that the trial court erred when it found appellants equitably estopped to assert the unconstitutionality of the statute.
Appellants first contend that because the acts of negligence alleged by appellees all occurred before July 1, 1980, the effective date of the statute, the award of attorney's fees to Mrs. Propst constitutes an impermissible retroactive application of the statute. Statutes generally operate prospectively, but will be given retroactive application if required by the terms of the statute. Keystone Water Co. v. Bevis, 278 So.2d 606 (Fla. 1973). Section 768.56(2) provides "This section shall not apply to any action filed before July 1, 1980." We previously held that this language evidenced the legislature's intent for the statute to apply to parties sued on and after July 1, 1980, Bethesda Radiology Associates v. Yaffee, 437 So.2d 189 (Fla. 4th DCA 1983). The trial court properly applied the statute to this case.
Next, appellants argue that this statute is unconstitutional on several grounds, one of which merits discussion. Appellants contend that the statute violates due process.
So far as the requirement of due process is concerned, and in the absence of other constitutional restriction, a state is free to adopt whatever economic policy may reasonably be deemed to promote public welfare, and to enforce that policy by legislation adapted to its purpose... . If the laws passed are seen to have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, the requirements of due process are satisfied... .
Nebbia v. New York, 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934).
The preamble to Chapter 80-67, Laws of Florida, which created Section 768.56, clearly sets forth the legislature's intent. The stated purpose of the statute is to combat the crisis in the professional liability insurance market, which threatens the continuing availability of health care in Florida, by deterring frivolous lawsuits and encouraging the prompt settlement of meritorious claims. No party has suggested that this is other than a proper legislative purpose, *1227 or that the statute does not bear a reasonable relation to this proper purpose. Appellants have recovered a fee judgment against Mr. Propst, and so cannot reasonably argue that the statute discriminated against them. The statute abrogates no value, see State Department of Transportation v. Knowles, 402 So.2d 1155 (Fla. 1981), and impairs no vested rights, see, e.g., Galbreath v. Shortle, 416 So.2d 37 (Fla. 4th DCA 1982). We find nothing in this section to offend due process.
Appellants' other constitutional arguments are without merit. Our holding here renders appellants' third point moot.
Accordingly, we hold that Section 768.56, Florida Statutes (1983), applies to all medical malpractice actions filed on or after July 1, 1980, even though the act of medical negligence may have taken place before that date. We further hold that the statute does not violate due process of law. The judgment of the trial court is affirmed.
BARKETT, J., concurs.
ANSTEAD, C.J., dissents without opinion.

ON REHEARING
PER CURIAM.
The petitions for rehearing and for rehearing and/or certification are hereby denied.
DELL and BARKETT, JJ., concur.
ANSTEAD, C.J., dissents with opinion.
ANSTEAD, Chief Judge, dissenting:
I write only to note my concurrence with the decisions of the First and Second Districts which are in direct conflict with our holding herein that the attorneys' fee statute in question can constitutionally be applied to actions based upon tortious conduct that took place before the statute was enacted. See Parrish v. Mullis, 458 So.2d 401 (Fla. 1st DCA 1984) and Tindall v. Miller, 463 So.2d 1262 (Fla. 2d DCA 1985).
NOTES
[1] Section 768.56, Florida Statutes (1983), provides:

768.56 Attorney's fees in medical malpractice actions. 
(1) Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney's fees shall not be awarded against a party who is insolvent or poverty-stricken. Before initiating such a civil action on behalf of a client, it shall be the duty of the attorney to inform his client, in writing, of the provisions of this section. When there is more than one party on one or both sides of an action, the court shall allocate its award of attorney's fees among prevailing parties and tax such fees against nonprevailing parties in accordance with the principles of equity. In no event shall a non-prevailing party be required to pay to any or all prevailing parties any amount in attorney's fees in excess of that which is taxed against such nonprevailing party. A party who makes an offer to allow judgment to be taken against him shall not be taxed for the prevailing party's attorney's fees which accrue subsequent to such offer of judgment if the final judgment is not more favorable to the prevailing party than the offer. The court shall reduce the amount of attorney's fees awarded to a prevailing party in proportion to the degree to which such party is determined by the trier of fact to have contributed to his own loss or injury.
(2) This section shall not apply to any action filed before July 1, 1980.
[2] This order is the subject of a separate non-final appeal; Propst v. Neily, 467 So.2d 398 (Fla.App. 1985).