463 So.2d 1262 (1985)
Carolyn J. TINDALL and Robert N. Tindall, Husband and Wife, Appellants,
v.
James E. MILLER, M.D., Douglas G. Nuelle, M.D., Stanley H. Axelrod, M.D., Medical Center Hospital and Florida Patients Compensation Fund, Appellees.
No. 83-2229.
District Court of Appeal of Florida, Second District.
January 23, 1985.
As Amended on Denial of Rehearing February 27, 1985.
Kurt J. Bomar of Martin, Stinnett & Graves, Chartered, Sarasota, for appellants.
Steven J. Chase of Drymon, Bennett & Chase, P.A., Sarasota, for appellee James E. Miller, M.D.
RYDER, Chief Judge.
Carolyn and Robert Tindall, unsuccessful plaintiffs in a medical malpractice action, appeal an award of attorney's fees pursuant to section 768.56, Florida Statutes (1981). We reverse.
Section 768.56 provides for the award of a reasonable attorney's fee to the prevailing party in medical malpractice actions.[1] *1263 After a jury verdict in favor of the estate of the defendant/doctor, the trial court ordered the Tindalls to pay $39,704.00 in attorney's fees. The Tindalls appealed the award, challenging the constitutionality of the statute.
We agree with the holding of the First District in Parrish v. Mullis, 458 So.2d 401 (Fla. 1st DCA, 1984) that section 768.56 is inapplicable where the cause of action accrued prior to the effective date of the statute, July 1, 1980. As the First District observed, constitutional considerations of due process preclude the retroactive application of section 768.56. Parrish v. Mullis. For that reason we hold, as did the First District, that section 768.56 may not be retroactively applied to a cause of action which accrued prior to its effective date. We recognize that this holding conflicts with Frankowitz v. Propsty, 464 So.2d 1225 (Fla. 4th DCA 1985).
Although the Tindalls filed their complaint on July 10, 1981, Carolyn Tindall's knee surgery was performed on March 4, 1980, and the ensuing complications therefrom on which she based her complaint occurred shortly thereafter while she was still in the hospital. The record shows that Mrs. Tindall was aware of the alleged malpractice at least by the end of April 1980, therefore, her cause of action accrued prior to July 1, 1980. Salvaggio v. Austin, 336 So.2d 1282 (Fla. 2d DCA 1976).
Accordingly, we reverse and set aside that portion of the order assessing attorney's fees against the Tindalls. We affirm the award of costs.
SCHOONOVER and LEHAN, JJ., concur.
NOTES
[1] Section 768.56, Florida Statutes (1981), provides:

(1) Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney's fees shall not be awarded against a party who is insolvent or poverty-stricken. Before initiating such a civil action on behalf of a client, it shall be the duty of the attorney to inform his client, in writing, of the provisions of this section. When there is more than one party on one or both sides of an action, the court shall allocate its award of attorney's fees among prevailing parties and tax such fees against nonprevailing parties in accordance with the principles of equity. In no event shall a nonprevailing party be required to pay to any or all prevailing parties any amount in attorney's fees in excess of that which is taxed against such nonprevailing party. A party who makes an offer to allow judgment to be taken against him shall not be taxed for the prevailing party's attorney's fees which accrue subsequent to such offer of judgment if the final judgment is not more favorable to the prevailing party than the offer. The court shall reduce the amount of attorney's fees awarded to a prevailing party in proportion to the degree to which such party is determined by the trier of fact to have contributed to his own loss or injury.
(2) This section shall not apply to any action filed before July 1, 1980.