JORGENSON, Judge.
American Motors Corporation [AMC] and Jeep Corporation [Jeep] appeal from the denial of their motions to dismiss for lack of personal jurisdiction. We have jurisdiction, Fla.R.App.P. 9.130(a)(3)(C)(i), and, for the reasons which follow, reverse.
The claims of the plaintiffs, the Abra-hanteses and Exon, arise out of an accident involving a 1981 Jeep CJ-5 in which the plaintiffs were passengers. The accident occurred on the island of Grand Cayman, Cayman Islands, British West Indies, on June 12, 1981. The plaintiffs initially filed suits against AMC and Jeep on April 12, 1983, effecting service of process in the manner provided by section 48.194, Florida Statutes (1981). AMC and Jeep timely moved to dismiss the initial actions for lack of personal jurisdiction over the defendants based upon the lack of connection between the actions and any act or occurrence in Florida. The circuit court denied the motions and, on appeal, this court reversed, holding:
Having elected to so proceed [under section 48.194, Florida Statutes (1981) ], the plaintiffs were required to plead and prove, which they failed to do, that the cause of action alleged arose from the doing of any of the acts set forth in Section 48.193, Florida Statutes (1981).
American Motors Corp. v. Abrahantes, 446 So.2d 240, 240 (Fla. 3d DCA 1984).
Following the release of our mandate and prior to any further action by the trial court, the plaintiffs voluntarily dismissed their claims on May 29, 1984, in order to take advantage of amendments to chapter 48, Florida Statutes (1983). Significant to this case is an addition to section 48.193, Florida Statutes (1983),[1] which provides:
*273 (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
§ 48.193(2), Fla.Stat. (Supp.1984) (emphasis supplied) (codifying in part ch. 84-2, § 3, Laws of Fla.).
On May 30, 1984, the plaintiffs refiled their actions.[2] The plaintiffs served AMC and Jeep pursuant to sections 48.181 and 48.194, Florida Statutes (1983) (as amended by chapter 84-2, Laws of Florida). AMC and Jeep again sought to dismiss the plaintiffs’ complaints for lack of personal jurisdiction over the defendants on the grounds, inter alia, that the causes of action did not arise from any activities of AMC or Jeep in the state of Florida. At the hearing on the motions to dismiss, the plaintiffs’ counsel, relying upon the language of section 4, chapter 84-2, Laws of Florida, successfully argued that chapter 84-2 applies retroactively to plaintiffs’ causes of action. Section 4 provides: “This act shall take effect upon becoming a law and shall apply only to actions brought on or after the effective date.”[3] The act became effective on April 25, 1984, the date it became a law.[4]
The plaintiffs’ actions do not arise out of AMC’s and Jeep’s activities in Florida — the accident occurred in the Cayman Islands and the Jeep CJ-5 was neither manufactured nor sold in Florida. Prior to the 1984 amendments, both sections 48.181 and 48.-193 required that there be a “connexity” between the cause of action and the defendant corporation’s activities in Florida. See, e.g., Canron Corp. v. Holt, 444 So.2d 529 (Fla. 1st DCA 1984); Kravitz v. Gebrueder Pletscher Druckgusswaremfabrik, 442 So.2d 985 (Fla. 3d DCA 1984) (rehearing granted in part and denied in part); Firestone Steel Products Co. of Canada v. Snell, 423 So.2d 979 (Fla. 3d DCA 1982); General Tire & Rubber Co. v. Hickory Springs Manufacturing Co., 388 So.2d 264 (Fla. 5th DCA 1980); Bradford White Corp. v. Aetna Insurance Co., 372 So.2d 994 (Fla. 3d DCA 1979). No such “connexity” exists in the present case.
With respect to a defendant “engaged in substantial and not isolated activity within the state,” the 1984 amendments eliminated the requirement of section 48.-193 that the cause of action have some connection to the defendant’s activities in Florida. See Ch. 84-2, § 3, Laws of Fla. (codified at § 48.193(2), Fla.Stat. (Supp. 1984)). AMC and Jeep contend that the 1984 amendments cannot be applied retroactively because (1) there is no clear and unambiguous declaration by the legislature that chapter 84-2 is to be applied retroactively, and (2) retroactive application of the amendments would violate rights guaranteed by the Florida and United States Constitutions.[5] We agree with the first contention and, thus, do not reach the second.
*274 While section- 4, chapter 84-2, may indicate a legislative intent that the amendments be applied retroactively, we feel constrained to follow the long line of cases which hold that amendments or additions to Florida long-arm statutes are not to be applied to causes of action which accrue prior to the date the amendments or additions become effective. See, e.g., AB CTC v. Morejon, 324 So.2d 625 (Fla.1975); Gordon v. John Deere Co., 264 So.2d 419 (Fla.1972); Weatherhead Co. v. Coletti, 392 So.2d 1342 (Fla. 3d DCA 1980), approved, 409 So.2d 1026 (Fla.1982); Griffis v. J.C. Penny Co., 333 So.2d 503 (Fla. 1st DCA 1976); Knaser v. Smith, 323 So.2d 643 (Fla. 4th DCA 1975); Ray Walker & Associates v. Jay Caponey, Inc., 320 So.2d 13 (Fla. 4th DCA 1975); American Baseball Cap, Inc. v. Duzinski, 308 So.2d 639 (Fla. 1st DCA 1975); Barton v. Keyes Co., 305 So.2d 269 (Fla. 3d DCA 1974); Marshall v. Johnson, 301 So.2d 134 (Fla. 1st DCA 1974); Robert E. Marx, Inc. v. Scarney, 253 So.2d 722 (Fla. 3d DCA 1971). The result we reach is supported by two well-established rules of construction: first, “[a] statute is not to be given a retrospective effect unless its terms show clearly that such an effect was intended,” In re Seven Barrels of Wine, 79 Fla. 1, 17, 83 So. 627, 632 (Fla.1920) (emphasis supplied); see also, e.g., Fleeman v. Case, 342 So.2d 815 (Fla.1976), and second, “[w]here an act purports to overturn long-standing legal precedent and completely change the construction placed on a statute by the courts, it is not too much to require that it be done in unmistakable language,” State ex rel. Housing Authority of Plant City v. Kirk, 231 So.2d 522, 524 (Fla.1970).
While the language of section 4 of chapter 84-2 may reasonably be viewed to evince a legislative intent that the 1984 amendments be applied to suits filed after the effective date although the underlying causes of action accrue before, it does not “clearly” and “unmistakably” evince such an intent. Section 4 does not provide that the act will apply to all actions brought on or after the act’s effective date. In light of strong precedent holding that long-arm statutes operate prospectively only, we decline to hold otherwise absent an “express and unequivocal statement” from the legislature indicating a different intent.[6] See Fleeman, 342 So.2d at 818. For the foregoing reasons, the trial court’s order deny *275 ing AMC and Jeep’s motions to dismiss is reversed.
Reversed.

. Section 48.181(3) was amended in the following manner:
(3) Any person, firm, or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers, or distributors to any person, firm, or corporation in this state shall be conclusively presumed to be both engaged in substantial and not isolated activities within this state, and operating, conducting, engaging in or carrying on a business or business venture in this state.
Ch. 84-2, § 2, Laws of Fla. (codified at § 48.-181(3), Fla.Stat. (Supp.1984)).
It is not clear, and we need not decide, what effect, if any, the amendments of chapter 84-2 will have on the “engrafted” requirement of *273 section 48.181 that the cause of action arise out of the foreign corporation’s business activities in Florida. See, e.g., General Tire & Rubber Co. v. Hickory Springs Mfg. Co., 388 So.2d 264 (Fla. 5th DCA 1980); Manus v. Manus, 193 So.2d 236 (Fla. 4th DCA 1966) (construing § 47.16, Fla. Stat. (1965) (predecessor to § 48.181)). Courts have held that section 48.181 (titled “Service on nonresident engaging in business in state” (emphasis supplied)) provides a basis for establishing personal jurisdiction over non-residents independent from the bases provided by section 48.193 (which is titled "Acts subjecting persons to jurisdiction of courts of state” (emphasis supplied)). See, e.g., A.B.L. Realty Corp. v. Cohl, 384 So.2d 1351, 1353 (Fla. 4th DCA 1980).

.The plaintiffs commenced identical actions against AMC and Jeep in the federal district court in Michigan on June 4, 1984.

. AMC and Jeep argue that the phrase "actions brought" was intended by the legislature to mean "actions accrued” and not “actions filed.” We believe such an interpretation would be unreasonable and reject this argument.

. The act was approved by the Governor on April 25, 1984, and, thus, became a law on that date. See Art. Ill, § 8, Fla. Const.

. The plaintiffs failed to follow Administrative Order No. 79-2, Eleventh Judicial Circuit of Florida, which provides:
Transfer of Cases
(a) When a case has been previously filed and subsequently dismissed and the Plaintiff's attorney has knowledge of prior case, he shall at the time of filing his original complaint with the Clerk’s office, file an additional *274 pleading entitled “Notice of Previous Filing," and set forth in said pleading the style, case number, section and Date of Dismissal of the prior case. The Administrative Office of the Court, upon verification of the previous filing, shall send the case to the Administrative Judge for reassignment and transfer to the section in which the original complaint was filed.
As a result, AMC and Jeep moved to transfer the case. The Abrahanteses and Exon contend that AMC and Jeep waived their jurisdictional challenges by filing said motion and deposing certain witnesses. These steps were taken after AMC and Jeep had filed their motions to dismiss and, thus, were not sufficient to constitute a waiver. See, e.g., Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp., 415 So.2d 892 (Fla. 3d DCA 1982); White v. Nicholson, 386 So.2d 74 (Fla. 2d DCA 1980).

. Frankowitz v. Propst, 464 So.2d 1225 (Fla. 4th DCA 1985), relied upon by the Abrahanteses and Exon, did not involve a long-arm statute and was disapproved by the supreme court in Young v. Altenhaus, 472 So.2d 1152 (Fla.1985), to the extent it held that a retroactive application of section 768.56, Florida Statutes (1983), which provides for the awarding of attorney’s fees in medical malpractice actions, did not offend due process. In Gordon v. John Deere Co., 264 So.2d 419 (Fla.1972), the supreme court stated, in answer to a question certified from the United States Court of Appeals, Fifth Circuit, 451 F.2d 234 (5th Cir.1971), that section 48.182, Florida Statutes (1970) (predecessor to sections 48.193 and 48.194), "operates to create a new remedy ... [and] [t]hus ... falls within the proscription against retrospective operation.” 264 So.2d at 420 (emphasis supplied) (quoting Gordon v. John Deere Co., 320 F.Supp. 293, 295 (N.D.Fla.1970)). While the Gordon court did not expressly state that its decision was based upon constitutional grounds, and we do not reach the constitutional issues raised herein, we note that: "A statute must be so construed, if fairly possible, as to avoid, not only the conclusion that it is unconstitutional, but also grave doubts upon that score.” See In re Seven Barrels of Wine, 79 Fla. 1, 17, 83 So. 627, 632 (1920). "Grave doubts" would be raised regarding the constitutionality of section 4 if we were to construe that section as providing for a retroactive application of chapter 84-2.