ON MOTION FOR CLARIFICATION
Upon consideration of Agreed Motion for Clarification, we withdraw our opinion dated December 3, 1985, and substitute in its stead our order temporarily relinquishing jurisdiction to the trial court.
In section 768.56, Florida Statutes (1981), the legislature authorized the award of attorney’s fees in medical malpractice actions. Section 768.56 provides in pertinent part:
Attorney’s fees in medical malpractice actions.—
(1) Except as otherwise provided by law, the court shall award a reasonable attorney’s fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization.... A party who makes an offer to allow judgment to be taken against him shall not be taxed for the prevailing party’s attorney’s fees which accrue subsequent to such offer of judgment if the final judgment is not more favorable to the prevailing party than the offer.
In this appeal, the Florida Keys Memorial Hospital [Hospital], its insurer, Medical Malpractice Joint Underwriters Association [JUA], and the Florida Patient’s Compensation Fund [Fund] seek to overturn a final judgment holding them jointly and severally liable for attorney’s fees under section 768.56. The trial court based its award on a finding that appellants failed to make a bona fide offer of judgment in settlement of appellees’ malpractice claims. Rejecting appellants’ contentions that section 768.56 was unconstitutional and that the Hospital was entitled to sovereign immunity under section 768.28, Florida Statutes (1981), the trial court awarded appellees $300,000 in attorney’s fees.
Appellants contend they are entitled to the protection of the sovereign immunity statute. They also challenge the propriety of the amount of attorney’s fees awarded. In addition, they raise new issues pertaining to the applicability of section 768.56, asserting that the action accrued prior to the effective date of the statute, and that other statutory limitations on their responsibility for payment render the application of section 768.56 unconstitutional. JUA and the Fund challenge the amount of the award and their respective legal liabilities.
The Florida supreme court recently upheld the constitutionality of section 768.-56, Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); however, the court limited the applicability of the statute to causes of action accruing after July 1, 1980. Young v. Altenhaus, 472 So.2d 1152 (Fla.1985). Because an appellate court must apply the law prevailing at the time of its decision, Florida Patient’s Compensation Fund v. Von Stetina, 474 So.2d 783 (Fla.1985); Florida East Coast Railway Co. v. Rouse, 194 So.2d 260 (Fla.1966), we must follow the law announced in Young. Thus, if the cause of action in the case before us accrued prior to July 1, 1980, section 768.56 is inapplicable, and the prevailing parties are not entitled to attorney’s fees.
The parties to this appeal are not in agreement as to the date the action accrued. We therefore remand the cause for further consideration and decline to address other issues as premature until the determination of the date the action accrued appears in the record. Accordingly, we reserve ruling on the remaining issues raised by appellants, including the applicability to the Hospital of the sovereign immunity statute, § 768.28, and the constitutionality of section 768.56 as applied.*
*469 For these reasons, we relinquish jurisdiction for a period not exceeding ninety (90) days.
Remanded for further proceedings.

The Florida supreme court’s disposition of two cases may affect our ultimate decision in this cause: in North Broward Hosp. District v. Eldred, 466 So.2d 1210 (Fla. 4th DCA 1985), review pending, No. 67,022, the fourth district held that a tax district hospital (such as Florida Keys *469 Memorial Hospital) is entitled to sovereign immunity protection under § 768.28; in Cato v. West Fla. Hosp., Inc., 471 So.2d 598 (Fla. 1st DCA 1985), the first district held that an appellant may challenge for the first time on appeal the constitutionality of a statute as applied, so long as, the issue of its facial constitutionality was raised in the trial court (relevant question certified).