HALL, Judge.
The appellants AAA Guaranteed Mortgage, Inc. and John Paul Glenn, the president, secretary, and treasurer of AAA, appeal a default final order of the appellee, Department of Banking and Finance, imposing fines and revoking Glenn’s mortgage broker license and AAA’s mortgage brokerage business registration pursuant to sections 494.052 and 494.055, Florida Statutes (Supp.1986). We affirm but strike that part of the final order imposing costs.
The appellants raise two points on appeal. We find merit only in their argument that the appellee improperly retroactively applied section 494.052, Florida Statutes (Supp.1986), in imposing sanctions on them.
Section 494.052 became effective on September 1, 1986. Ch. 86-68, § 31, Laws of Fla. The alleged misconduct of the appellants occurred no later than April 1986. The statute in effect at the time of the alleged misconduct authorized the appellee to suspend a license for up to two years, § 494.05(1), Fla.Stat. (1985), to revoke a license, §§ 494.05(2) and (3), Fla.Stat. (1985), or to deny a license, § 494.05(4), Fla.Stat. (1985). In addition to those sanctions, section 494.052 now authorizes the appellee to, inter alia, impose fines of up to $5000 per count.
In the instant case the appellee imposed a $5000 fine against both of the appellants for each of the six counts with which it had charged them and revoked the appellant Glenn’s license and the appellant AAA’s registration. Clearly, section 494.052 authorized the imposition of an obligation, a fine, for which the appellants were not liable at the time of their misconduct. In the absence of legislative intent to the contrary, such a substantive statute may not be applied retroactively. Young v. Altenhaus, 472 So.2d 1152 (Fla.1985).
Accordingly, we strike the impositon of fines from the default final order. Said order is affirmed in all other respects.
CAMPBELL, A.C.J., and FRANK, J., concur.