520 So.2d 56 (1988)
The LOWER FLORIDA KEYS HOSPITAL DISTRICT D/B/a Florida Keys Memorial Hospital, Etc., et al., Appellants,
v.
Mark B. LITTLEJOHN, a Minor, et al., Appellees.
Nos. 84-388, 84-431.
District Court of Appeal of Florida, Third District.
January 26, 1988.
Rehearing Denied March 7, 1988.
*57 Steven R. Berger and Amy N. Dean, Wolpe & Leibowitz, Miami, Lanza & O'Connor and Stephen E. Tunstall, Coral Gables, and Judith A. Bass, Miami, Richard A. Sherman, Rosemary Wilder, Fort Lauderdale, for appellants.
Spence, Payne, Masington, Grossman & Needle, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Miami, for appellees.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
This is an appeal by three defendants from an adverse trial court order awarding $300,000 in attorney's fees in favor of the plaintiff, as the prevailing party in a medical malpractice action, pursuant to Section 768.56, Florida Statutes (1981). The three defendants, who were held jointly and severally liable, are: (1) The Lower Florida Keys Hospital District d/b/a Florida Keys Memorial Hospital [Hospital], (2) The Florida Medical Malpractice Joint Underwriters Association [Hospital Insurer], and (3) The Florida Patients' Compensation Fund [Fund]. An amended final judgment had been previously entered against the defendant Hospital in the amount of $100,000 and $400,000 against the defendant Fund  based on an adverse jury verdict for 1.5 million dollars, as offset by a one million dollar pre-trial settlement with another codefendant. For the reasons which follow, we affirm the attorney's fee award as to (1) the defendant Hospital and (2) the defendant Hospital Insurer, with the modification that the entire $300,000 fee award is solely payable by the defendant Hospital Insurer; we however reverse the attorney's fee award as to the defendant Fund.
First, we conclude that Section 768.56, Florida Statutes (1981), pursuant to which the subject attorney's fees were awarded, is constitutional, both facially and as applied, see Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); that the statute was applicable to this case because the cause of action sued upon accrued after the effective date of the statute, as specifically found by the trial court below, see Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985); Tindall v. Miller, 463 So.2d 1262 (Fla. 2d DCA), rev. denied, 475 So.2d 695 (Fla. 1985); Parrish v. Mullis, 458 So.2d 401 (Fla. 1st DCA 1984); that no bona fide offer of judgment was made by the defendants in the case in compliance with Fla.R.Civ.P. 1.442 which would preclude an attorney's fee award under the above statute, as specifically found by the trial court below; and that the attorney's fee award is not excessive as it is supported by substantial, competent evidence. See, e.g., Posner v. Posner, 315 So.2d 175 (Fla. 1975); Meltzer v. Meltzer, 400 So.2d 32 (Fla. 3d DCA 1981); Aetna Casualty & Sur. Co. v. Florida Power & Light Co., 367 So.2d 1104 (Fla. 3d DCA 1979). We specifically reject the defendants' extensive arguments to the contrary on these issues.
Second, we conclude that although the defendant Hospital, as a special hospital taxing district, is a sovereign entity under Section 768.28, Florida Statutes (1981), Eldred v. North Broward Hosp. Dist., 498 So.2d 911 (Fla. 1986), the said defendant is not entitled to the $100,000 limitation of liability contained in said statute because it, admittedly, has purchased liability insurance coverage for the attorney's fee award in issue, and, accordingly, has waived its sovereign immunity to the full extent of its insurance coverage. Avallone v. Board of County Comm'rs, 493 So.2d 1002, 1004-05 (Fla. 1986); § 286.28, Fla. Stat. (1981). We specifically *58 reject the parties' extensive arguments to the contrary on this issue.
Finally, it has been authoritatively held that under Section 768.54(2)(b), (3)(a), Florida Statutes (1981), (1) a health care provider is not liable for an attorney's fee award after it has been held liable for $100,000 damages in a medical malpractice action, unless, as here, the health care provider's liability insurance covers such fees; (2) if there is such insurance, as here, the health care provider and its insurer are liable for the attorney's fees award, but such award is payable solely by the said insurer; and (3) if, unlike this case, there is no such insurance, the Florida Patient's Compensation Fund is liable for the said attorney's fees award. Florida Patient's Compensation Fund v. Bouchoc, 514 So.2d 52 (Fla. 1987). It is, therefore, plain that under Bouchoc, the attorney's fee award against the defendant Hospital and the defendant Hospital Insurer must stand, with the modification that the award be payable solely by the defendant Hospital Insurer, and that the said award cannot stand as to the defendant Fund. This is so because, simply stated, the defendant Hospital has full insurance coverage with the defendant Hospital Insurer for the attorney's fees award herein. We specifically reject the parties' extensive arguments to the contrary on this issue.
The order under review is, accordingly, affirmed as to (a) the defendant Lower Florida Keys Hospital District d/b/a Florida Keys Memorial Hospital, and (b) the defendant Florida Medical Malpractice Joint Underwriters Association, with the modification that the said award is payable solely by the latter defendant. The order under review is reversed, however, as to the defendant Florida Patient's Compensation Fund.
Affirmed, in part, as modified; reversed in part.