Mr. Robert Bruce Snow County Attorney Hernando County Post Office Box 2060 Brooksville, Florida 34298-2060
Dear Mr. Snow:
You have asked substantially the following question:
 Do the provisions of s. 1, Ch. 88-108, Laws of Florida, amending the definition of "continuing contract" for purposes of the Consultants' Competitive Negotiation Act, apply to a continuing contract entered into prior to the effective date of Ch. 88-108, supra?
In sum, I am of the opinion that:
 The provisions of s. 1, Ch. 88-108, Laws of Florida, do not apply retroactively to continuing contracts entered into prior to the effective date of Ch. 88-108, supra.
The Consultant's Competitive Negotiation Act, s. 287.055, F.S., sets forth requirements for the procurement and contracting of professional architectural, engineering, landscape architectural, or land surveying services.[1] Subsection (4)(d) of the statute, however, provides that "[n]othing in this act shall be construed to prohibit a continuing contract between a firm and an agency."
Prior to its amendment in 1988, s. 287.055(2)(g), F.S. 1987, defined a "continuing contract" as
 a contract for professional services entered into in accordance with all the procedures of this act between an agency and a firm whereby the firm provides professional services to the agency for work of a specified nature as outlined in the contract required by the agency with no time limitation except that the contract shall provide a termination clause.
Section 1, Ch. 88-108, Laws of Florida, amended the above definition of "continuing contract" to provide:
 A "continuing contract" is a contract for professional services entered into in accordance with all the procedures of this act between an agency and a firm whereby the firm provides professional services to the agency for projects in which construction costs do not exceed $500,000, or for study activity when the fee for such professional service does not exceed $25,000, or for work of a specified nature as outlined in the contract required by the agency, with no time limitation except that the contract shall provide a termination clause. (e.s.)
You ask whether the amended definition containing monetary limitations on the services to be provided by a continuing contract affects those contracts entered into prior to July 1, 1988, the effective date of Ch. 88-108, supra.[2] No comment is expressed in this opinion as to whether any given contract entered into prior to July 1, 1988, constituted a "continuing contract" as that term was defined in s. 287.055(2)(g), F.S. 1985.
In Florida, it is clear that in the absence of a clear expression of legislative intent to the contrary, a statute is presumed to operate prospectively.[3] As stated by The Florida Supreme Court in Young v. Altenhaus,[4] "[t]his rule mandates that statutes that interfere with vested rights will not be given retroactive effect." My examination of Ch. 88-108, Laws of Florida, and the legislative history surrounding its enactment failed to reveal any expression of legislative intent that the amendment of the term "continuing contract" was to be applied retroactively.[5]
In light of the above, I am of the opinion that the amendment to s. 287.055(2)(g), F.S., does not apply retroactively to continuing contracts entered into prior to July 1, 1988, the effective date of the amendment.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 287.055(2)(a) and (b), F.S., respectively defining "[p]rofessional services" and "[a]gency."
[2] Chapter 88-108, Laws of Florida, became effective July 1, 1988. See, s. 2, Ch. 88-108, supra.
[3] See, e.g., Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985) (in absence of explicit legislative expression to the contrary, a substantive law is to be construed as having prospective effect only); VanBibber v. Hartford Accident Indemnity Insurance Co.,439 So.2d 880 (Fla. 1983); State v. Lavazzoli, 434 So.2d 321
(Fla. 1983).
[4] 472 So.2d at 1154.
[5] See, e.g., Staff Analysis and Economic Impact Statement, Commerce Committee, House of Representatives, June 6, 1988. A question might be raised as to whether the retroactive application of the amended definition to existing contracts violated s. 10, Art. I, State Const., and s. 10, Art. I, U.S. Const., which prohibit laws imparing the obligations of contracts. Cf., Pomponio v. Claridge of Pompano Condominium, Inc. 378 So.2d 774 (Fla. 1979), in which the Court applied a test balancing the nature and extent of impairment with the importance of the state's objective in determining whether an unconstitutional impairment of contract existed.