452 So.2d 517 (1984)
PUBLIC EMPLOYEES RELATIONS COMMISSION, Petitioner,
v.
CITY OF ORLANDO, Respondent.
No. 63876.
Supreme Court of Florida.
June 7, 1984.
Phillip P. Quaschnick, General Counsel and Vernon Townes Grizzard and Thomas W. Young III, Asst. General Counsels, Public Employees Relations Commission, Tallahassee, for petitioner.
*518 Christopher A. Detzel of Subin, Shams, Rosenbluth & Moran, Orlando, for respondent.
McDONALD, Justice.
We have for review an unpublished order of the Fifth District Court of Appeal denying a motion by the Public Employees Relations Commission (PERC) to be designated a party appellee in a proceeding to review an unfair labor practice order issued by PERC against the City of Orlando.[*] The district court denied party-appellee status to PERC because PERC "is the forum from which the appeal is taken and, as such, is not a proper party in this court." We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This Court has not previously been called upon to determine what party-appellee status, if any, an administrative agency should be accorded when an adversely affected party seeks review of final agency action. Neither the judicial review section of the Florida Administrative Procedure Act, section 120.68, Florida Statutes (1981), nor the specific judicial review statute governing PERC, section 447.504, Florida Statutes (1981), requires PERC to be designated as a party appellee in review proceedings. The Florida Rules of Appellate Procedure do not specifically address this issue either. Rule 9.020(f)(2) defines a party appellee as "every party in the proceeding in the lower tribunal other than an appellant." The committee notes to rule 9.020 state that the definition of appellee includes "the parties against whom relief is sought and all others necessary to the cause." Arguably, the administrative agency could be considered an appellee as either a party "against whom relief is sought" or "necessary to the case" in a judicial review proceeding. This interpretation of rule 9.020(f)(2) alone is an insufficient basis for us to authorize party status for PERC where PERC is the lower tribunal. We must examine how other jurisdictions deal with the party status issue.
The National Labor Relations Board (NLRB) is comparable to PERC in acting as a tribunal for deciding unfair labor practice charges. The NLRB has been given the power to prevent any labor practice affecting commerce. The NLRB may file a complaint based upon an unfair labor practice charge, hold hearings on that charge, and either take action to end the unfair labor practice or dismiss the complaint. As with PERC, the party status of the NLRB on review of its own quasi-judicial determination is not set out by statute. 29 U.S.C.A. § 160(a), (b), (c), and (f) (1976). The Federal Rules of Appellate Procedure, unlike the Florida rules, require that "the agency shall be named respondent in a petition to review agency action." F.R.A.P. 15(a). Because the NLRB is by rule a party to any judicial review of its own orders, its status on review proceedings is not persuasive in deciding whether PERC should be a party in review proceedings.
One other jurisdiction has considered the precise issue raised by the district court in this case. In State v. Maine Labor Relations Board, 413 A.2d 510 (Me. 1980), the court raised the propriety of the Maine Labor Relations Board (board) appearing and actively participating as a party in an appeal from the board's own decision. The court compared the functions of the board to those of a municipal zoning board of appeals, the latter administrative body previously having been held not to be a proper party in an appeal from its own decision. The municipal zoning board of appeals merely heard zoning appeals and was not involved in enforcement of those quasi-judicial decisions. In addition to making quasi-judicial decisions when ruling on unfair labor practice complaints, the board has the statutory power to enforce its decisions on unfair labor practices complaints by seeking *519 a court order to compel compliance with those decisions. The court concluded that, because any review proceeding must be consolidated with any pending enforcement action brought by the board, it would be reasonable for the board to have party status in review proceedings. The public interest may make party status for the board appropriate because the adversaries which were before the board may represent only their own interests in review proceedings. Id. at 512-13. See also Barrington School Committee v. Rhode Island State Labor Relations Board, 120 R.I. 470, 388 A.2d 1369 (1978) (state labor relations board represents the public and may petition for a writ of certiorari to review a court order reversing a board unfair labor practice decision).
We find the Maine Labor Relations Board decision persuasive in our determination that PERC should have party status in review proceedings. PERC has the statutory power to seek enforcement of its orders in circuit court. If an appeal from the same order is pending in a district court of appeal, then the district court of appeal must transfer and consolidate the appeal and the enforcement action. § 447.5035, Fla. Stat. (1981). We believe it is more reasonable to grant PERC party status in review proceedings directly rather than to require PERC to acquire such status indirectly by bringing an enforcement action every time PERC believes the public interest requires its participation. The district court order in the present case will lead to such unnecessary roundabout procedure, thereby wasting judicial resources. We quash the order under review and hold that PERC is a proper party to review proceedings from its own orders.
We would suggest to PERC that it restrain its active participation in review proceedings to those cases where it has a direct interest or where the order under review has resolved a public labor law issue that has an impact upon other public employees, public employers, and taxpayers. PERC should not participate merely to add another voice in support of its own orders. While we hold PERC to be a proper party, we also hold that it is neither a necessary nor indispensable party.
Accordingly, we quash the order under review. PERC should be made a party appellee in any future review proceedings upon request or upon the designation of the party seeking review.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[*] On the merits of the appeal the district court reversed the PERC order and remanded with directions to dismiss the unfair labor practice charge arising out of the city's failure to bargain over standards for promotion to captain in the city fire department. City of Orlando v. Orlando Professional Fire Fighters Local 1365, 442 So.2d 238 (Fla. 5th DCA 1983), review denied, 450 So.2d 487, No. 64,524 (Fla. Apr. 23, 1984).