642 So.2d 765 (1994)
Fernando G. DIAZ, Appellant,
v.
SANTAFE HEALTHCARE, INC., Appellee.
No. 93-294.
District Court of Appeal of Florida, First District.
June 20, 1994.
Rehearing Denied October 12, 1994.
Leonard E. Ireland, Jr., of Clayton, Johnston, Quincey, Ireland, Felder, Gadd & Roundtree, and Henry L. Gray, Jr. of Henry L. Gray, Jr., P.A., Gainesville, for appellant.
William C. Andrews of Scruggs & Carmichael, P.A., Gainesville, for appellee.
PER CURIAM.
This cause is before us on appeal from a final order awarding attorney fees under section 448.08, Florida Statutes, following a successful suit by appellant, a physician, against appellee for various types of compensation due under an employment contract. We affirm as to all issues raised by appellant, with the exception of appellant's contention that the trial court erred in limiting its attorney fee award to the time expended by counsel pursuing the claim for lost wages, and in declining to make a fee award for time expended by counsel establishing the right to a fee and the amount of the fee.
The general rule is that a contractual or statutory right to an award of fees extends to time spent by counsel litigating entitlement to fees, because the client has an interest in the amount of such award. Ganson v. Department of Administration, 554 So.2d 522 (Fla. 1st DCA 1990), quashed on other grounds, 566 So.2d 791 (Fla. 1990); Inacio v. State Farm Fire & Casualty Company, 550 So.2d 92 (Fla. 1st DCA 1989). On the issue of whether counsel's time spent establishing the amount of the fee is compensable, State Farm Fire & Casualty Company v. Palma, 629 So.2d 830 (Fla. 1993), is instructive. In Palma, the claim for attorney fees was under section 627.428(1), Florida Statutes, which requires that in suits by an insured against an insurer, the insured shall be awarded reasonable fees as compensation for having prosecuted the suit, if the insured prevails. The court acknowledged that federal courts ordinarily permit compensability for the entire time spent litigating attorney fees, including the time spent establishing the amount of the fee, on the premise that doing so comports with the purpose behind *766 most statutory fee authorizations, to encourage attorneys to represent indigent clients. The court in Palma explained, however, that the purpose of section 627.428(1), Florida Statutes, is to discourage insurance companies from contesting valid claims. Permitting recovery for time spent establishing entitlement to a fee, but not time spent establishing the amount of the fee, comports with the purpose and language of the statute. Accordingly, only the time spent establishing the entitlement to a fee was held compensable.
At least one apparent purpose of section 448.08, Florida Statutes, is to encourage attorneys to represent indigent persons in disputes for unpaid wages. Accordingly, we hold that the trial court has discretion, in an appropriate case, to make a fee award under the statute which encompasses time spent establishing the amount of the fee. In an appropriate case, the fee award may include time spent establishing entitlement to the use of a multiplier if the trial court is of the opinion that such time was of benefit to the client.
For the foregoing reasons, the order appealed from is reversed in part, affirmed in part, and this cause is remanded for proceedings consistent herewith.
BOOTH, MICKLE and LAWRENCE, JJ., concur.