742 So.2d 517 (1999)
A. Joel GASTON, Appellant,
v.
DEPARTMENT OF REVENUE and Public Employees Relations Commission, Appellees.
No. 98-3764.
District Court of Appeal of Florida, First District.
October 20, 1999.
*518 Thomas W. Brooks of Meyers and Brooks, P.A., Tallahassee, for Appellant.
Patrick Loebig, Chief Asst. General Counsel, and H. Wayne Mitchell, Assistant General Counsel, Office of the General Counsel, Department of Revenue, Tallahassee, for Appellee Department of Revenue; Jack E. Ruby, Assistant General Counsel, Public Employees Relations Commission, Tallahassee, for Appellee Public Employees Relations Commission.
WEBSTER, J.
Appellant (Gaston) seeks review of an order entered by appellee Public Employees Relations Commission (PERC) awarding him attorney fees following his successful challenge to termination of his employment with appellee Department of Revenue (DOR). He contends that PERC's order is erroneous in four respects: (1) in reducing the hourly rate determined by the hearing officer to be reasonable for the services performed by his attorneys; (2) in refusing to compensate his attorneys for time reasonably spent responding to exceptions filed by DOR to the hearing officer's recommended order finding no just cause for discipline; (3) in accepting the hearing officer's finding that no enhancement to the lodestar fee was justified; and (4) in refusing to compensate his attorneys for time spent litigating the amount of a reasonable fee. We reverse on issues one and two, and affirm on issues three and four.

I.

Introduction
In December 1997, PERC issued a final order holding that DOR had not had just cause to discipline Gaston. It directed that DOR reinstate Gaston, and awarded Gaston back pay, attorney fees and costs. *519 Gaston subsequently filed a proposal requesting $28,000.00 in attorney fees. DOR responded with a counter-proposal offering $5,581.00. In July 1998, following an evidentiary hearing, the hearing officer issued a recommended order that DOR pay Gaston $12,280.00 in attorney fees. In arriving at that figure, the hearing officer found from the expert testimony presented that $200.00 per hour was "a fair market rate" in Tallahassee for the services performed by Gaston's attorneys. The hearing officer refused to recommend compensation for 17 hours spent preparing a response to DOR's exceptions to the initial recommended order finding that DOR had not had just cause to discipline Gaston based upon his conclusion of law that, at the time the work was performed, such a response was not authorized. The hearing officer also refused to recommend any enhancement to the lodestar fee figure based upon his findings that there was nothing to suggest that Gaston had had any difficulty obtaining a competent lawyer; the fee arrangement between Gaston and his attorneys had involved only a small contingency amount; the case was not unusually difficult; and Gaston's attorneys were not prevented from taking on other cases because of the representation. Finally, the hearing officer refused to recommend a fee for the time spent litigating the amount of the fee to which Gaston was entitled because PERC had consistently taken the position that an award was not appropriate for such time. Both Gaston and DOR filed exceptions to portions of the recommended order.
In September 1998, PERC issued the final order which is the subject of this appeal. In that order, it rejected the hearing officer's finding that $200.00 per hour was a reasonable rate for the services performed by Gaston's attorneys, substituting its view that a reasonable hourly rate for such services was only $150.00. However, it agreed with the hearing officer that Gaston's attorneys were not entitled to a fee for time spent responding to DOR's exceptions to the initial recommended order finding that DOR had not had just cause to discipline Gaston because, at the time that work was performed, such a response was not authorized; that the facts of the case did not support any enhancement to the lodestar fee figure; and that no fee should be awarded for the time spent litigating the amount of the fee to which Gaston was entitled. Accordingly, it ordered DOR to pay a fee of $10,410.00 to Gaston's attorneys. This appeal followed, and we previously granted a motion by PERC, requesting that it be designated an appellee. See Public Employees Relations Comm'n v. City of Orlando, 452 So.2d 517, 519 (Fla. 1984) (permitting PERC to participate as a party in appellate proceedings to review its decisions "upon request or upon the designation of the party seeking review").

II.

The Applicable Fee Statute
It is undisputed that Gaston's entitlement to attorney fees was premised upon section 447.208(3)(e), Florida Statutes. At the outset, we are asked by PERC and DOR to determine which version of that statute applies. When PERC's final order was entered, and at all relevant times before that date, section 447.208(3)(e) read:
Any order of the commission [i.e., PERC] issued pursuant to this subsection may include back pay, if applicable, and an amount, to be determined by the commission and paid by the agency, for reasonable attorney's fees, witness fees, and other out-of-pocket expenses incurred during the prosecution of an appeal against an agency in which the commission sustains the employee.
§ 447.208(3)(e), Fla. Stat. (1997). In its most recent session, the legislature amended that paragraph by adding the following language to the end:
In determining the amount of an attorney's fee, the commission shall consider *520 only the number of hours reasonably spent on the appeal, comparing the number of hours spent on similar Career Service System appeals and the reasonable hourly rate charged in the geographic area for similar appeals, but not including litigation over the amount of the attorney's fee. This paragraph applies to future and pending cases.
Ch. 99-399, § 54, at 4396, Laws of Fla. Chapter 99-399 became effective on June 30, 1999. Id. § 60, at 4399.
PERC and DOR argue that the amended version of section 447.208(3)(e) applies because the legislature has expressly stated that it is to be applied to "pending cases." Gaston responds that chapter 99-399 is unconstitutional because it violates the single-subject rule found in article III, section 6, of the Florida Constitution; and because, even if it does not violate the single-subject rule, application to this case would result in deprivation of a vested right and, therefore, in an unconstitutional deprivation of due process of law.
It seems to us relatively clear that Gaston's right to attorney fees vested in September 1998, when PERC issued its final order. See Division of Workers' Compensation v. Brevda, 420 So.2d 887, 891 (Fla. 1st DCA 1982) (upon the entry of a judgment awarding attorney fees, a right under a fee statute ripens from a mere expectation into a vested right). Legislative enactments may not constitutionally interfere with vested rights. E.g., Bitterman v. Bitterman, 714 So.2d 356 (Fla. 1998); Cantor v. Davis, 489 So.2d 18 (Fla. 1986); Young v. Altenhaus, 472 So.2d 1152 (Fla.1985). However, because we conclude that the legislature did not intend for the 1999 amendment to apply to this case, we find it unnecessary to address Gaston's constitutional arguments. See State v. Gale Distrib., Inc., 349 So.2d 150, 153 (Fla. 1977) (to the extent possible, courts have a duty to construe a statute in such a way as to avoid conflict with the constitution).
Read in context, it appears clear that the legislature intended when it used the phrase "pending cases" to refer to cases pending before PERC. The language added by the amendment relates exclusively to the procedure to be employed by PERC to decide what are "reasonable attorney's fees" to be paid by an agency when PERC "sustains the employee" in a dispute between the agency and its employee relating to disciplinary action taken against the employee. PERC cannot decide that issue unless the case is pending before it. The amendment to section 447.208(3)(e) did not become effective until June 30, 1999. On that date, this case was no longer pending before PERC. Rather, it had been pending in this court since October 9, 1998. Because the case was not pending before PERC on the effective date of the 1999 amendment, we conclude that the amendment is not applicable. We note, however, that the outcome of this appeal would be the same regardless of whether the amendment applied.

III.

Reduction of the Reasonable Hourly Rate Found by the Hearing Officer
In his recommended order, the hearing officer found that the reasonable hourly rate for the services performed by Gaston's attorneys was $200.00. He reached that result by applying the test announced in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), to the evidence presented to him. PERC substituted for the hearing officer's finding its opinion that $150.00 was a reasonable hourly rate. That was error. In this state, an agency cannot reject a hearing officer's finding of fact unless the record contains no competent substantial evidence to support the finding. § 120.57(1)(j), Fla. Stat. (1997). See Department of Bus. & Prof'l Regulation v. McCarthy, 638 So.2d 574 (Fla. 1st DCA 1994). There is ample support in this record for the hearing officer's finding regarding the reasonable hourly rate. Accordingly, PERC could not substitute its opinion on that question for that of the *521 hearing officer. The portion of the final order establishing a reasonable hourly rate of $150.00, rather than that of $200.00 found by the hearing officer, is reversed.

IV.

Compensation for Time Spent Responding to Exceptions to the Recommended Order
The hearing officer recommended denial of compensation for 17 hours spent between September 24 and 26, 1997, preparing a response to DOR's exceptions to the initial recommended order finding that DOR had not had just cause to discipline Gaston based upon his conclusion of law that, at the time the work was performed, such a response was not authorized. In its final order, PERC agreed that the attorneys should not be compensated "for unauthorized work." On appeal, Gaston argues that this was error because, as a matter of law, at the time the work was performed, such a response was authorized. We agree.
The hearing officer and PERC both acknowledged that responses to exceptions to recommended orders are now expressly authorized by Florida Administrative Code Rule 28-106.217. On appeal, PERC concedes that its rules that were in effect when Gaston's attorneys filed their response to DOR's exceptions "did not prohibit such a filing." However, it contends that the rules did not authorize such a filing, either.
PERC correctly notes that rule 28-106.217 was one of the "uniform rules of procedure" adopted by the Administration Commission pursuant to section 120.54(5)(a)1, Florida Statutes (Supp.1996). Relying on section 120.54(5)(a)1, PERC argues that rule 28-106.217 did not become applicable to proceedings before it until February 13, 1998, when it formally adopted the "uniform rules of procedure" and that, as a result, responses to exceptions were not authorized until that date, which was some five months after Gaston's attorneys had filed the response. We find this argument unpersuasive.
To the extent pertinent, section 120.54(5)(a)1, Florida Statutes (Supp.1996), reads:
By July 1, 1997, the Administration Commission shall adopt one or more sets of uniform rules of procedure which shall be ... filed with the Department of State. Agencies must comply with the uniform rules by July 1, 1998.... On filing with the department, the uniform rules shall be the rules of procedure for each agency subject to this chapter unless the Administration Commission grants an exception to the agency under this subsection.
It is undisputed that the Administration Commission adopted a set of "uniform rules of procedure," which included rule 28-106.217, and that those rules were filed with the Department of State on April 1, 1997. Nevertheless, PERC relies on the second sentence of section 120.54(5)(a)1 "Agencies must comply with the uniform rules by July 1, 1998"for the proposition that rule 28-106.217 did not become applicable to it until it adopted the "uniform rules," on February 13, 1998. We are unable to accept PERC's argument because to do so would render meaningless the final sentence of section 120.54(5)(a)1 "On filing with the department, the uniform rules shall be the rules of procedure for each agency subject to this chapter unless the Administration Commission grants an exception to the agency under this subsection."
We are of the opinion that the only way to harmonize the second sentence of section 120.54(5)(a)1 with the final sentence is to read the statute as intended to provide that the Administration Commission's "uniform rules of procedure" would become binding on agencies subject to chapter 120 upon filing with the Department of State unless an agency had conflicting rules in effect at the time of filing, in which event the agency would have until July 1, 1998, to either comply with the "uniform rules" by amending its rules or seek an exception from the Administration Commission. *522 Here, it is undisputed that (1) PERC is an agency subject to chapter 120; (2) the Administration Commission's "uniform rules," including rule 28-106.217, were filed with the Department of State on April 1, 1997; and (3) when the "uniform rules" were filed, PERC had no rule that conflicted with rule 28-106.217. Accordingly, we conclude that rule 28-106.217 became binding on PERC on April 1, 1997. Therefore, responses to exceptions to recommended orders were authorized in September 1997, when Gaston's attorneys filed his. We reverse the refusal to award a fee for the 17 hours devoted to that matter by Gaston's attorneys, as based upon an erroneous conclusion of law.

V.

Refusal to Enhance the Lodestar Fee
In his recommended order, the hearing officer refused to recommend any enhancement to the lodestar fee figure based upon his findings that there was nothing to suggest that Gaston had had any difficulty obtaining a competent lawyer; the fee arrangement between Gaston and his attorneys had involved only a small contingency amount; the case was not unusually difficult; and Gaston's attorneys were not prevented from taking other cases because of the representation. PERC agreed with that portion of the recommended order, and refused to enhance the lodestar fee amount. Our review of the record satisfies us that the hearing officer correctly looked to Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), for the controlling law, and that his findings are supported by competent substantial evidence. Accordingly, we will not disturb this aspect of PERC's final order.

VI.

The Refusal to Award a Fee for Time Spent

Litigating the Amount of a Reasonable Fee
The hearing officer refused to recommend a fee for time spent litigating the amount of a reasonable fee based upon what he perceived to be PERC's consistent policy to award a fee for time spent litigating the amount of a reasonable fee only when it finds the agency's opposition to the fee requested to be "frivolous or advanced solely to prolong the case." In its final order, PERC adopted that portion of the recommended order, stating that the hearing officer had correctly recited PERC's policy, and concluding that no valid reason existed to justify changing the policy.
Gaston candidly acknowledges "that the trend in most Florida courts ... has been to deny `fees for fees.'" However, relying on federal decisions and one opinion from this court, he argues that we should not follow that trend. We find his argument unpersuasive.
Our supreme court has previously rejected a similar argument premised upon the practice in federal courts. State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993). Gaston also argues that our decision in Diaz v. Santa Fe Healthcare, Inc., 642 So.2d 765 (Fla. 1st DCA 1994), supports his position. However, we do not read Diaz as broadly as Gaston would like. As we read that decision, it stands only for the proposition that, when one of the apparent purposes of a statute authorizing the award of attorney fees "is to encourage attorneys to represent indigent persons[,]... the trial court has discretion ... to make a fee award ... which encompasses time spent establishing the amount of the fee." Id. at 766.
The statutory basis for the award of fees to Gaston's attorneys is section 447.208(3)(e), Florida Statutes (1997). That statute provides that PERC "may" award a successful employee "an amount... for reasonable attorney's fees ... incurred during the prosecution of an appeal against an agency." It says nothing about a fee for time spent litigating the amount of the fee to be awarded. If the legislature *523 had intended to include in the fee to be awarded an amount for time spent litigating the amount of that fee, one would expect to find some indication of that intent in the language of the statute. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 833 (Fla.1993) ("If the scope of section 627.428 is to be expanded to include fees for time spent litigating the amount of attorney's fees, then the Legislature, rather than this Court, is the proper party to do so"). In fact, it is noteworthy that the legislature has since made clear its intent that the amount of a reasonable fee in such cases is not to include any sum for time spent litigating the amount of the fee. Ch. 99-399, § 54, at 4396, Laws of Fla. ("In determining the amount of an attorney's fee, the commission shall consider only the number of hours reasonably spent on the appeal ... not including litigation over the amount of the attorney's fee").
On appeal, PERC argues that its policy to award a fee for time spent litigating the amount of a reasonable fee only when it finds the agency's opposition to the amount of the fee requested to be frivolous or otherwise the result of some improper motivation is a reasonable interpretation of section 447.208(3)(e). Therefore, it argues that it has not abused its discretion, and we should affirm. We agree.
"[A]n administrative agency is afforded wide discretion in interpreting statutes which it administers. The agency's statutory construction is entitled to great weight, and is not to be overturned on appeal unless clearly erroneous." AMISUB v. Department of Health & Rehab. Serv., 577 So.2d 648, 649 (Fla. 1st DCA 1991) (citation omitted). It is apparent from the language of section 447.208(3)(e) that the legislature intended to vest considerable discretion in PERC. We are unable to say that PERC's interpretation is clearly erroneous, or that it has abused its discretion. Accordingly, we affirm the refusal to award a fee for time spent litigating the amount of a reasonable fee.

VII.

Conclusion
In summary, we reverse those portions of PERC's final order by which it substituted its opinion regarding a reasonable hourly rate for the services of Gaston's attorneys for that of the hearing officer, and refused to award a fee for 17 hours spent preparing a response to DOR's exceptions to the initial recommended order finding no just cause for discipline. In all other respects, we affirm.
AFFIRMED IN PART and REVERSED IN PART.
KAHN and VAN NORTWICK, JJ., CONCUR.