937 So.2d 226 (2006)
CITY OF MIAMI BEACH, Appellant,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION, Appellee.
No. 3D05-2586.
District Court of Appeal of Florida, Third District.
September 1, 2006.
Akerman Senterfitt and Paul T. Ryder, Jr. and David C. Miller, Miami, for appellant.
Jack E. Ruby, Assistant General Counsel, for appellee, Commission.
Before FLETCHER, RAMIREZ and SHEPHERD, JJ.
SHEPHERD, J.
The narrow question presented in this appeal is whether a labor union must pay the per-page cost stipulated in the Florida Public Records Act for copies of documents requested by it from a public employer for bargaining purposes with the employer. The broader question is whether a collective bargaining agent's right to be supplied with relevant information for such purposes is a right separate and distinct from that of access to public records under the Act. Since 1982, the Florida Public Employees Relations Commission, one of the appellees here, has so maintained. Hollywood Fire Fighters, Local 3175 v. City of Hollywood, 8 FPER ¶ 13324 (1982). We today disapprove that decision. A labor union seeking information from the employer with whom it is locked in collective bargaining negotiations is not exempt from the Florida Public Records Act.

PROCEDURAL HISTORY
The present case appears before us as an appeal from a final order of the Public Employees Relations Commission. Art. V, § 4(b)(2), Fla. Const.; § 447.504(1), Fla. Stat. (2005). The proceeding commenced with a filing by Appellee, Communications Workers of America, Local 3178, of an unfair labor practice charge against the City pursuant to sections 447.503(1) of the *227 Florida Statutes (2005). Local 3178 alleged the City violated sections 447.501(a) and (c), by charging Local 3178 fifteen cents per page for documents for use in ongoing impasse resolution proceedings between it and the City. The City assessed the copy charge based on section 119.07(4), Florida Statutes (2005).[1] Section 119.07 reads in relevant part:
119.07. Inspection and copying of records; photographing public records; fees; exemptions. 
(1)(a) Every person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records.
. . .
(4) The custodian of public records shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law. If a fee is not prescribed by law, the following fees are authorized:
(a)1. Up to 15 cents per one-sided copy for duplicated copies of not more than 14 inches by 8½ inches;
2. No more than an additional 5 cents for each two-sided copy; and
3. For all other copies, the actual cost of duplication of the public record.
The statute also permits the addition of a special service charge keyed to actual cost if the nature or volume of the public records requested is extensive. See § 119.07(4)(d), Fla. Stat. (2005). The actual per page cost to the City for reproduction of the documents requested by Local 3178 in this case, including labor, is materially less than fifteen cents per page.
In a quasi-judicial hearing before the Commission conducted pursuant to section 447.207(6) of the Florida Statutes (2005), Local 3178 argued that by charging a fee greater than actual cost, the City violated section 447.203(17), Florida Statutes (2005), which includes among a non-exclusive list of indicia of bad faith bargaining by an employer, "(d) Refusing, upon reasonable written request, to provide public information, excluding work products as defined in s. 447.605." § 447.203(17)(d), Fla. Stat. (2005). As authority for its position, Local 3178 reposed sole reliance upon the Commission's decision in City of Hollywood. In the final order on appeal before us, the Commission reaffirmed City of Hollywood, stating:
[T]he fact that the Public Records Act allows for a set fee does not persuade us to extend that fee to a union in the exercise of its statutory right to receive copies necessary to fulfill its representational duties as the employees' exclusive bargaining agent. We believe this right is best protected if burdened by no more than the fee articulated in the Hollywood case [actual cost], subject to an hourly labor cost when the copying requires more than one hour of work.
Commc'n Workers of Am., Local 3178 v. City of Miami Beach, 31 FPER ¶ 213 at 509-10 (2005)(emphasis added). The Commission now intervenes in this case to defend this "policy."[2]
*228 Since 1982, the Commission has held that when an employee organization makes a request of a public employer for information relevant to its duty as a collective bargaining agent, the request is exempt in all respects from the Florida Public Records Act. The Commission has reasoned:
A bargainer's right to be supplied with relevant information is a right separate and distinct from that of access to public documents under Florida's Public Records Act, Chapter 119, Florida Statutes (1981). Certain information relevant to the collective bargaining process, such as work products under Section 447.605(3), may be available to a party under a request pursuant to the collective bargaining law but unavailable to a member of the public pursuant to a public records request. Therefore, a public employer's compliance with a request under the collective bargaining law cannot be consigned to the processes of Florida's Public Records Act.
City of Hollywood, 9 FPER ¶ 13324 at 581-82 (internal citations omitted)(emphasis added). The Commission urges that because the matter is a labor matter declared by the Commission to be governed by a provision of what is commonly known as Florida's Public Labor Relations Act, Chapter 447, Part II, Florida Statutes (2004), we must give deference to the Commission solution or "policy" in making our own analysis. We are not of a mind to allow the Commission decision here to so effortlessly avoid scrutiny.
We begin by pointing out that the right of persons to access public records and right of public employees to collectively bargain are constitutionally based and therefore of equal dignity. See Art. I, § 6, Fla. Const.; Art. I, § 24, Fla. Const. Accordingly, the provisions of the Florida Public Records Act, Chapter 119, Florida Statutes, are not inferior to the provisions of the Florida Public Employees Relations Act, and vice versa. For this reason, we are unable to yield to the Commission's intimation that Chapter 119 is somehow a poor relation to Chapter 447 of the Florida Statutes.
We also reject the Commission's argument that because a collective bargaining agent can obtain records for its purposes that may not be available to the general public, all records obtained pursuant to section 447.203(17)(d), Florida Statutes are not exclusively "public records" within the contemplation of Chapter 119 of the Florida Statutes, thus making it illogical to apply Chapter 119 to records so sought. Although a collective bargaining agent may well be entitled to receive records for purposes that a member of the public may not, see, e.g., Local 2358, IBEW v. City of Jacksonville, 7 FPER ¶ 12351 (1981)(union entitled to cost savings study made by employer in preparation for negotiation); City of Pontiac v. Util. Workers Union of Am., Local 539, AFL-CIO, 16 MERC 57, 64 (Mich. MERC 1981)(merit appraisal data disclosed pursuant to request under *229 Michigan's collective bargaining act may be unavailable to the general public under Freedom of Information Act), the records are public records. As our supreme court has held, "a public record . . . is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type." Shevin v. Byron, Harless, Schaffer, Reid & Assocs., 379 So.2d 633, 640 (Fla.1980)(emphasis added). See also § 119.011(11), Fla. Stat. (2005)(defining a public record as anything made or received by any agency)(emphasis added).
Rather, we believe the public employer's obligation to "provide public information" under Chapter 447 is fully consistent with the bargainer's obligation to pay the provider a sum not to exceed the statutory maximum established by the legislature to be paid by all citizens of this state if it desires copies courtesy of the provider. In reaching a contrary conclusion, we believe the Commission errs by conflating convenience with obligation. Section 447.203(17)(d) only obligates a public employer to "provide public information"  that is, lay it on the table for inspection and use by the bargaining agent. Local 3178's contention below distilled was simply that it would be more convenient to receive copies. We do not question the assertion that analysis by Local 3178 of the requested documents would be accomplished more comfortably in their own offices than at City Hall. However, Florida law does not require the City insure Local 3178's creature comforts. Florida law requires only that relevant information be provided. § 447.203(17)(d).
Because the City met its statutory obligation under Chapter 447 of the Florida Statutes, it is apparent that except in the advocate's eye of the Commission, there is no conflict between Chapter 447 and Chapter 119 with respect to the cost of providing public records. The public employer's obligation to provide public information under section 447.203(17)(d) and the statutory obligation to pay for copies under section 119.07(4) can be readily harmonized. One requires public documents to be provided; the other prescribes the charge if the union wishes copies courtesy of the provider. Where two legislative provisions can be reconciled, it is our obligation to do so, and we do so in this case. Agency for Health Care Admin. v. Estate of Johnson, 743 So.2d 83, 87 (Fla. 3d DCA 1999)("Whenever possible, courts must attempt to harmonize and reconcile two different statutes to preserve the force and effect of each. . . . There must be hopeless inconsistency before rules of construction are applied to defeat the plain language of one of the statutes."). Moreover, because the amount that a bargainer may be required to pay for the government service is circumscribed by the same parameters as a similar request by a private citizen, we consider the likelihood of a meaningful unfair labor practice to be more illusory than not.
Finally, it is apparent to us from a review of Chapter 119 of the Florida Statutes that the Florida legislature, as required by Article I section 24(a) of the Florida Constitution, has through Chapter 119 established a pervasive regulatory scheme to assure that "all state, county, and municipal records [be] open for personal inspection by any person." § 119.01(1), Fla. Stat. (2005). Included is an express, prescribed maximum cost for copies of public records requested from a governmental agency unless otherwise provided by law. We find the legislature has preempted the field in this regard. As expressed by Judge Lehan in his cogent dissent in Tribune Co. v. Cannella, 438 So.2d 516, 525-26 (Fla. 2d DCA 1983), adopted by the Florida Supreme Court in *230 Tribune Co. v. Cannella, 458 So.2d 1075, 1076 (Fla.1984):
Under [the preemption] doctrine a subject is preempted by a senior legislative body from the action by a junior legislative body if the senior legislative body's scheme of regulation is pervasive and if further regulation of the subject by the junior legislative body would present a danger of conflict with that pervasive regulatory scheme.
As a statutorily established entity, the Public Employees Relations Commission is a "junior body" to the Florida legislature. § 447.205(1), Fla. Stat. (2005). When, as admitted by the Commission, see supra note 2, it seeks to engage in the same type of activity as is within the charge of the Florida legislature, see Art. III, § 1, Fla. Const., the state legislature's express statutory scheme for the provision of public documents to the citizens of this state controls over Commission musings to the contrary.
Should the Commission require further authority to appreciate the error of its reasoning below, it need only look to the statute it is charged to carry out. See Ch. 447, Part II, Fla. Stat. (2005). Section 447.605(3) of that statute provides: "All work products developed by the public employer in preparation for negotiations, and during negotiations, shall be confidential and exempt from the provisions of s. 119.07(1)." § 447.605(3). This is one of hundreds of exemptions peppered throughout the Florida Statutes where disclosure would otherwise be required. See Office of the Attorney General, Government-In-The-Sunshine Manual, App. D. (2006)(listing sections of statutes outside Chapter 119 that exempt information from disclosure). The exemption would be unnecessary if, as the Commission contends, "[a] bargainer's right to be supplied with relevant information is separate and distinct from that of access to public documents under Florida's Public Records Act." City of Hollywood, 8 FPER ¶ 13324 at 581-82.
We reverse the decision of the Public Employees Relations Commission.
FLETCHER, J., concurs.
RAMIREZ, J., concurs in result only.
NOTES
[1] Since 1991 or 1992, the City has codified the fifteen-cent-per-page charge in its ordinances. See Op. Att'y Gen. Fla. 85-19 45, 46 (1985)(a municipality may enact an ordinance or administrative regulation establishing a set fee for duplication of public records if the fee does not "change, alter or condition the provisions of ch. 119").
[2] In its answer brief, the Commission advises us that "while not an adversely affected or aggrieved party by its own final agency action, the Commission participates as Appellee because of its interest in defending its policy." (emphasis added). This uncommon jurisprudential move by the Commission has been sanctioned by the Florida Supreme Court at least "where the order under review has resolved a public labor law issue that has an impact upon other public employees, public employers, and taxpayers." Pub. Employees Relations Comm'n v. City of Orlando, 452 So.2d 517, 519 (Fla.1984). See also Gaston v. Dep't of Revenue, 742 So.2d 517, 519 (Fla. 1st DCA 1999)(citing City of Orlando, 452 So.2d at 519)(permitting the Commission to participate as a party in appellate proceedings to review its decisions "upon request or upon the designation of the party seeking review"). Local 3178 has not participated in this appeal.