Dear Mr. Wahlen:
On behalf of the School Board of Leon County, you ask the following question:
 Must the school board disclose information exempt from public inspection and copying under section 119.071(4)(d)1., Florida Statutes, to the certified bargaining representative of persons in a defined "bargaining unit" under section 447.203(8), Florida Statutes?
You indicate that the school board has configured its electronic information system to flag the names, home addresses, telephone numbers, photographs and places of employment of the spouses of active or former law enforcement personnel. Some of these employees are members of a bargaining unit within the meaning of section 447.203(8), Florida Statutes.[1] The Florida Education Association (FEA) is the certified bargaining representative for individuals in one of the school board's bargaining units and has asked for the home addresses, telephone numbers and places of employment of employees who are in the bargaining unit and are the spouses of active or former law enforcement personnel.
Section 119.071(4)(d)1., Florida Statutes, provides:
 "The home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel . . . the home addresses, telephone numbers, social security numbers, photographs, and places of employment of the spouses and children of such personnel; and the names and locations of schools and day care facilities attended by the children of such personnel are exempt from s. 119.07(1). . . ."
This office has recognized that section 119.071(4)(d)1., Florida Statutes, constitutes an exemption to the mandatory disclosure requirements of section 119.07(1)(a), Florida Statutes, for certain information relating to current or former law enforcement personnel, their spouses and families. Thus, an employing agency is not required to release the information exempted by the statute.
In Attorney General's Opinion 2007-21, this office discussed the limitations placed upon the chief of police regarding the release of photographs of the police department's law enforcement officers and employees. The opinion noted that there was little discussion in the statute's legislative history revealing the purpose of the exemption, other than the necessity of removing the information from public access. Subsequent amendments to the statute, however, make it clear that the purpose of the exemption is to protect the safety of the enumerated individuals and their families. The legislative history accompanying the adoption of the exemption in 1979, however, indicates a clear distinction between the terms "exempt" and "confidential."[2] In addition, the staff analysis of the enabling legislation states that "[i]f the information was confidential it could not be revealed under any circumstances." The distinction between the two terms was clearly recognized: "[T]hus exempt information could be revealed at the discretion of the agency."[3]
In Attorney General's Opinion 90-50, this office addressed the issue of when information exempted pursuant to section 119.071(4)(d)1., Florida Statutes may be released by an agency. Although the Legislature apparently granted the custodial agency discretion in releasing the exempt information, the opinion suggested that the agency consider the underlying purpose of the statute, i.e., the safety of law enforcement officers and their families, in exercising its discretion. Accordingly, the opinion concluded that in determining whether such information should be disclosed, an agency should determine whether there is a statutory or substantial policy need for disclosure. In the absence of a statutory or other legal duty to be accomplished by disclosure, an agency should consider whether the release of such information is consistent with the purpose of the exemption.[4]
The FEA has presented several opinions from the Florida Public Employees Relations Commission (PERC) as well as the National Labor Relations Board in support of its position that the exemption in section119.071(4)(d)1., Florida Statutes, does not affect its entitlement to the requested information. The cited opinions, however, do not appear applicable, inasmuch as it has been judicially determined that the provisions in Chapter 119, Florida Statutes, are not subordinate to Chapter 447, Florida Statutes.
In City of Miami Beach v. Public Employees RelationsCommission,[5] the Third District Court of Appeal reviewed a PERC decision exempting a labor union from the per page cost prescribed in the Public Records Act. The labor union had requested copies of documents for bargaining purposes with the city and alleged an unfair labor practice when the city charged fifteen cents per page for the documents. In reaffirming an earlier opinion in Hollywood Fire Fighters,Local 3175 v. City of Hollywood,[6] PERC had concluded that the union's right to receive copies of documents necessary to carry out its duties as the employees' representative was best protected by only requiring the union to pay the actual cost (which was found to be materially less than fifteen cents per page), subject to an hourly labor cost when the copying requires more than one hour of work, rather than the prescribed fee of fifteen cents per page. The district court, finding that the Legislature through the Public Records Act had created a pervasive regulatory scheme for access to public records, concluded that the Act controlled over any rulings by PERC. The court rejected PERC's longstanding position that a bargainer's right to be supplied with relevant information was separate and distinct from that of access to public documents under Chapter 119, Florida Statutes.
Moreover, I would note that Rule 60CC-2.002(1), Florida Administrative Code, relating to election eligibility lists, requires public employers to file with PERC and each party to an election such a list containing the names and addresses of all eligible voters not later than fifteen (15) days after the date of approval of a Consent Election Agreement, or the date of the Commission order ordering an election, except that such a list shall provide the work address rather than the home address of law enforcement personnel covered by Section 119.07(3)(k), F.S.[7]
(e.s.)
The holding in City of Miami Beach v. Public Employees RelationsCommission, as well as the recognition of the protected nature of the home address of law enforcement personnel in Rule 60CC-2.002(1), Florida Administrative Code, supports the conclusion that the school board is not required to disclose information exempt from public inspection and copying under section 119.071(4)(d)1., Florida Statutes, to the certified bargaining representative.
Accordingly, it is my opinion that the home addresses and other protected personal information of the spouses of law enforcement personnel who are employed by the school board are exempt from disclosure under section 119.071(4)(d)1., Florida
Statutes, and the school board is not required to report such information to the bargaining representative.
Sincerely,
 Bill McCollum Attorney General
BM/tls
[1] Section 447.203(8), Fla. Stat., states:
 "Bargaining unit means either that unit determined by the commission, that unit determined through local regulations promulgated pursuant to s. 447.603, or that unit determined by the public employer and the public employee organization and approved by the commission to be appropriate for the purposes of collective bargaining. However, no bargaining unit shall be defined as appropriate which includes employees of two employers that are not departments or divisions of the state, a county, a municipality, or other political entity."
[2] See Audio tape of hearing of the Senate Committee on Governmental Operations, April 23, 1979, tape 1 of 2.
[3] See Senate Staff Analysis and Economic Impact Statement on HB 1531, April 20, 1979. Cf. Williams v. City of Minneola, 575 So. 2d 683,687 (Fla. 5th DCA 1991), review denied, 589 So. 2d 289 (Fla. 1991),appeal after remand, 619 So. 2d 983 (Fla. 5th DCA 1993) ("There are many situations in which investigators have reasons for displaying information which they have the option not to display."); Op. Att'y Gen. Fla. 96-36 (1996). And see WFTV v. School Board of Seminole County,874 So. 2d 48, 53 (Fla. 5th DCA 2004), review denied, 892 So. 2d 1015 (Fla. 2004), recognizing that there is a difference between records that the Legislature has determined to be exempt from the Public Records Act and those that the Legislature has determined to be exempt from the Florida Public Records Act and confidential; if information is made confidential in the statutes, the information is not subject to inspection by the public and may only be released to the persons or organizations designated in the statute.
[4] For example, in an informal opinion to Chief Lee Reese, Lake Worth Police Department, dated April 25, 1989, this office stated that the personnel files of the City of Lake Worth Police Department which revealed the home addresses of former law enforcement personnel could be disclosed to the State Attorney's Office for the purpose of serving criminal witness subpoenas by mail pursuant to s. 48.031, Fla. Stat.
[5] 937 So. 2d 226 (Fla. 3rd DCA 2006).
[6] 8 FPER 13324 (1982). (PERC declined to require City to provide all requested information, but directed it to offer material which did not reveal test questions or jeopardize the confidentiality of test-takers).
[7] Section 119.07(3)(k), Fla. Stat. (1979), has been amended and renumbered as s. 119.071(4)(d), Fla. Stat.