DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCHOOL BOARD OF PALM BEACH COUNTY,**
Appellant,

v.

**MICHAEL R. BAKST,** Trustee in Bankruptcy for **EAGLE ARTS ACADEMY, INC.,**
Appellee.

No. 4D19-192

[April 15, 2020]

Appeal from the State of Florida, Division of Administrative Hearings; L.T. Case No. 18-1883.

Sean Fahey of The School Board of Palm Beach County, Office of General Counsel, West Palm Beach, for appellant.

William J. Berger of Weiss, Handler & Cornwell, P.A., Boca Raton, for appellee.

FORST, J.

In this charter school termination proceeding, the Palm Beach County School Board appeals from the administrative law judge's ("ALJ's") final order awarding attorney's fees and costs to Eagle Arts Academy, Inc. ("Eagle")[1] as the prevailing party.

The School Board tenders three reasons why we should reverse the attorney's fees and costs award: (1) the fee-shifting, prevailing party provision in the 2018 version of the charter school termination statute, which was to apply prospectively, could not be applied to this termination proceeding, which commenced and was partially litigated before the 2018 version of the statute took effect; (2) even if the 2018 statute applied, Eagle waived entitlement to attorney's fees and costs by failing to plead entitlement to fees and costs; and (3) even if the 2018 statute applied and Eagle did not waive entitlement to fees and costs, Eagle was not the

---

[1]  By order dated April 25, 2019, Michael R. Bakst, Trustee in Bankruptcy for Eagle, was substituted for Eagle as appellee.

"prevailing party" in the termination proceeding and thus not entitled to fees and costs under the statute.

For the reasons explained below, we conclude the first argument has merit. Because we find this issue dispositive, we need not address the School Board's second and third arguments.

## Background

"Charter schools are nonsectarian public schools that operate under a performance contract (charter) with a public sponsor—either a district school board or a university." *Sch. Bd. of Palm Beach Cty. v. Survivors Charter Sch., Inc.*, 3 So. 3d 1220, 1228 (Fla. 2009) (citation omitted). Eagle formerly operated a charter school in Wellington, Florida, sponsored by the Palm Beach County School Board. The term of the charter school contract was five years, commencing July 1, 2014, and ending June 30, 2019.

Section 1002.33(8), Florida Statutes, governs the termination of a charter, and provides for two types of terminations: (1) the nonrenewal or termination of a charter within 90 days, and (2) immediate termination of a charter where the health, safety, or welfare of the students is threatened. *Survivors Charter Sch., Inc.*, 3 So. 3d at 1229 (citing 2005 version of the statute). The two types of terminations are treated in different subsections of 1002.33(8). *See id.*

"At least 90 days before renewing, nonrenewing, or terminating a charter, the sponsor shall notify the governing board of the school of the proposed action in writing. The notice shall state in reasonable detail the grounds for the proposed action and stipulate that the school's governing board may, within 14 calendar days after receiving the notice, request a hearing." § 1002.33(8)(b), Fla. Stat. (2017). On March 16, 2018, the School Board gave Eagle written notice of termination of the charter contract within 90 days pursuant to section 1002.33(8)(b), Florida Statutes (2017).

The School Board initiated the 90-day termination proceeding based on Eagle's alleged "[f]ailure to meet generally accepted standards of fiscal management." *See* § 1002.33(8)(a)2., Fla. Stat. (2017). In its 90-day termination notice, the School Board detailed, among other things, Eagle's past due invoices, failure to pay rent for its school facility, declining enrollment, and failure to timely present a balanced budget. The School Board also informed Eagle of its right to request a hearing on the proposed termination.

2

Eagle filed a petition/request for a hearing with the School Board, on April 6, 2018. Under the version of the statute in effect at the time, the School Board had the option of conducting the hearing itself or to refer the matter to the Division of Administrative Hearings ("DOAH") for an administrative law judge ("ALJ") to conduct the hearing and enter a recommended order. § 1002.33(8)(b)1. & 2., Fla. Stat. (2017). In either event, the hearing was to be held "within 60 days after receipt of the request for a hearing." *See id.*

The School Board referred Eagle's request for a hearing to DOAH on April 11, 2018, and the hearing was originally set for May 31 and June 1, 2018. After two continuances at Eagle's request, the hearing was ultimately reset for August 9 and 10, 2018.

Meanwhile, on July 1, 2018, the applicable termination provision of the charter school statute was amended in part. *See* Ch. 2018-6, § 9, Laws of Fla.; § 1002.33(8)(b), Fla. Stat. (2018). Instead of the sponsor having the option to conduct the hearing, it was to be conducted only by an ALJ, who was authorized to enter a final order. *See id.* The other key amendment— and the one at issue here—was the addition of a fee-shifting provision: "The [ALJ] shall award the prevailing party reasonable attorney fees and costs incurred during the administrative proceeding and any appeals." *Id.*

On August 1, 2018, while the 90-day termination proceeding was still pending, the School Board voted to immediately terminate Eagle's charter contract pursuant to section 1002.33(8)(c), Florida Statutes (2018). Under this statutory provision, immediate termination of a charter is authorized "if the sponsor sets forth in writing the particular facts and circumstances indicating that an immediate and serious danger to the health, safety, or welfare of the charter school's students exists." The primary grounds for immediate termination set forth in the immediate termination notice were Eagle's eviction from its school facility for nonpayment of rent, and failure to provide sufficient notice or proof that it had secured a new facility for the imminent start of school.

The School Board next filed a notice of dismissal of the 90-day termination proceeding as moot. Eagle filed a response in opposition to the notice of dismissal, and the ALJ held a hearing. During the hearing, Eagle advised that it "reserve[d] all its rights when a party takes a voluntary dismissal," but had no objection to the file being closed. Eagle then announced for the first time that it planned to move for attorney's fees "as the prevailing party." The School Board objected, arguing "nobody has prevailed." The ALJ subsequently entered an order granting the

School Board's motion to dismiss the proceedings related to the no-longer pending 90-day termination. The ALJ reserved ruling on Eagle's entitlement to attorney's fees and costs and directed the parties to brief the issue.

In its subsequent filings, the School Board argued, among other things, that no statutory basis for fees and costs existed because the 2018 version of section 1002.33(8)(b), effective July 1, 2018, could not be retroactively applied in this case, which "arose in April 2018 when the School Board gave notice to [Eagle] that it was pursuing 90-day termination under the 2017 statute."

On September 17, 2018, the ALJ entered his order on Eagle's entitlement to attorney's fees and costs pursuant to the 2018 version of section 1002.33(8)(b). In his entitlement order, the ALJ concluded that, while the fee-shifting provision of the 2018 statute was not intended to be retroactive, the triggering event for Eagle's entitlement to fees was the entry of the ALJ's dismissal order, which occurred *after* the effective date of the 2018 statute. The ALJ further concluded that Eagle was the prevailing party in the proceeding by virtue of the School Board's voluntary dismissal of its administrative complaint.

The parties subsequently agreed to the amount of fees and costs, with the School Board maintaining its objection on the entitlement issue. The ALJ then entered his final order awarding attorney's fees and costs, "without prejudice to the [School Board's] right to appeal the issue of Eagle's entitlement . . . ." This appeal by the School Board followed.

**Analysis**

Prior to its 2018 amendment, section 1002.33(8)(b) did not contain a fee-shifting provision. *See* § 1002.33(8)(b), Fla. Stat. (2017). Effective July 1, 2018, the Legislature added the following fee-shifting provision: "The [ALJ] shall award the prevailing party reasonable attorney fees and costs incurred during the administrative proceeding and any appeals." § 1002.33(8)(b), Fla. Stat. (2018). Arguing the amendment was substantive and took effect after this case commenced, the School Board argues the amendment does not apply; thus, the ALJ erred by awarding attorney's fees and costs to Eagle under the 2018 version of the statute. We agree with the School Board and reverse.

Our review of this issue is de novo. *See R.J. Reynolds Tobacco Co. v. Sheffield*, 266 So. 3d 1230, 1232-33 (Fla. 4th DCA 2019) ("We apply the de novo standard to our review of the trial court's ruling on which version

4

of the statute applied.").

"When the statutory language is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Id.* at 1233 (citation and internal quotation marks omitted). "Likewise, a court cannot construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications." *Id.* (citation, alteration and internal quotation marks omitted).

Regarding the application of statutory enactments or amendments, this court has reiterated:

> *As a general rule*, procedural changes in the law are applied retroactively, while *substantive changes are applied prospectively only*. *See Environmental Confederation of Southwest Florida, Inc. v. State*, 886 So. 2d 1013, 1017 (Fla. 1st DCA 2004) (explaining that in the absence of clear legislative intent otherwise, the general rule is that procedural statutes apply retroactively while substantive statutes apply prospectively). *The supreme court has held that "rights to attorney's fees granted by statute are substantive rather than procedural." Moser v. Barron Chase Sec., Inc.*, 783 So. 2d 231, 236 (Fla. 2001), *citing with approval, U.S. Sec. Ins. Co. v. Cahuasqui*, 760 So. 2d 1101, 1107 (Fla. 3d DCA 2000); *see also Timmons v. Combs*, 608 So. 2d 1, 2–3 (Fla. 1992) ("it is clear that the circumstances under which a party is entitled to costs and attorney's fees is substantive"), and *Leapai v. Milton*, 595 So. 2d 12 (Fla. 1992).

*Hampton v. Cale of Ft. Myers, Inc.*, 964 So. 2d 822, 824–25 (Fla. 4th DCA 2007) (quoting with emphasis *Walker v. Cash Register Auto Ins. of Leon Cty., Inc.*, 946 So. 2d 66, 71 (Fla. 1st DCA 2006)); *see also Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 948 (Fla. 2011) ("Substantive statutes are presumed to apply prospectively absent clear legislative intent to the contrary.").

Here, the Legislature did not express a clear intent that the amendment to section 1002.33(8)(b) apply retroactively. Thus, the ALJ correctly agreed with the School Board that the fee-shifting provision in section 1002.33(8)(b) was not intended to, and should not be, applied retroactively. However, the ALJ concluded that his application of the 2018 amendment in this case was prospective because the "controlling moment"

5

for fee entitlement was the "order dismissing complaint"—which occurred after the effective date of the amended statute. As the ALJ put it: "[F]rom the vantage point of the statute's effective date, where Eagle's victory has yet to happen, the statute's operation is prospective in nature."[2]

The School Board argues the ALJ *did* retroactively apply the 2018 amendment, and did so erroneously, because the case commenced months before the amendment took effect. The School Board further argues, as it did below, that the ALJ should have applied *Young v. Altenhaus*, 472 So. 2d 1152 (Fla. 1985), by analogy, and declined to impose a new, unexpected obligation on the parties that did not exist when the case commenced.

In *Young*, the plaintiff suffered injuries from a malpractice incident that occurred in 1979. The Court was asked whether a new statute, "which authorizes the trial court to award a reasonable attorney's fee to the prevailing party in a malpractice action," applied to a cause of action that accrued prior to the statute's effective date. 472 So. 2d at 1153. First, the Court determined that "a statutory requirement for the non-prevailing party to pay attorney fees constitutes 'a new obligation or duty,' and is therefore substantive in nature." *Id.* at 1154 (citation omitted). The *Young* Court did not apply the statute retroactively because the plaintiff's right to enforce his cause of action for malpractice vested in 1979, prior to the statute's effective date. When the cause of action "accrued," the Court explained, "neither party was statutorily responsible for the opposing party's attorney's fee nor entitled to such an award." *Id.*

Relying on *Young* by analogy, the School Board argued "[t]he cause of action in the instant case arose in April 2018 when the School District gave notice to Eagle . . . that it was pursuing 90-day termination under the 2017 statute."[3] The ALJ rejected this argument, reasoning that *Young* did not apply because the School Board had no "cause of action" against Eagle like the plaintiff had against the defendant in *Young*; rather, this termination proceeding was an "agency enforcement action whose purpose is . . . to revoke a license." The ALJ concluded: "The upshot is that,

---

[2] As we noted earlier, we need not and do not address the ALJ's determination that Eagle was the "prevailing party" in the proceeding.

[3] The School Board actually notified Eagle on March 16, 2018 that it was pursuing termination, and Eagle requested a hearing on April 6, 2018. The case was then referred to DOAH on April 11, 2018. In any event, the ALJ incorrectly stated in his order on entitlement to fees that "[t]he [School Board] has not identified a date upon which the controlling moment supposedly fell." The School Board clearly identified the commencement of the case as the operative date.

because the [School Board] does not have a *cause of action* against Eagle under section 1002.33(8), the controlling moment here simply cannot have been, as in [*Young*], the accrual of the underlying cause of action, to which the right to recover fees might be subordinate."

Eagle argues the ALJ correctly determined that he was applying the statute prospectively, and recites the ALJ's reasoning for rejecting *Young*, almost verbatim. However, the ALJ rejected *Young's* application to this case simply because this was an administrative (versus a civil) proceeding, citing no authority which *compels* such a conclusion.[4] Furthermore, the ALJ relied on cases interpreting statutes having different wording and requirements and therefore are not dispositive of the issue before us.

For example, the ALJ cited *Gaston v. Department of Revenue*, 742 So. 2d 517 (Fla. 1st DCA 1999), to support his conclusion that entry of the dismissal order was the "controlling moment" in the case for purposes of the retroactivity analysis. Unlike in this case, however, the statutory amendment in *Gaston* expressly stated that it "applies to future and pending cases." 742 So. 2d at 520. Moreover, the court held that the 1999 amendment did not apply to the case before it because the final order in the case had issued in 1998. *Id.* The court stated in relevant part: "Gaston's right to attorney fees vested in September 1998, when [the agency] issued its final order . . . . Because the case was not pending before [the agency] on the effective date of the 1999 amendment, we conclude that the amendment is not applicable." *Id. Gaston* is therefore inapposite.

The cases cited by the parties which concern statutes governing offers of judgment and offers of settlement are also distinguishable. *See Leapai v. Milton*, 595 So. 2d 12, 15 (Fla. 1992) (finding offer of settlement statute was "not applied retroactively since the right to recover attorney fees attaches not to the cause of action, but to the unreasonable rejection of an offer of settlement," i.e., if the statute was adopted before the rejection of the offer, it was applicable to the rejection of the offer); *accord Buchanan v. Allstate Ins. Co.*, 629 So. 2d 991, 992-93 (Fla. 1st DCA 1993); *see also Hemmerle v. Bramalea, Inc.*, 547 So. 2d 203, 204 (Fla. 4th DCA 1989) ("The question . . . is: What event triggers the remedy provided by the statute? We do not agree . . . that the triggering event is accrual of the cause of action. Neither do we think that it is the commencement of the litigation. Rather, the operative event, the only event crucial to operation of the

---

[4] We note that, while a charter school termination proceeding is an administrative proceeding, it is still an adjudicative proceeding, presided over by an administrative law judge.

statute, is the making of an offer of settlement.").

The offer of judgment statute "clearly authorizes attorney fees for only those fees incurred after the date the offer was served upon the rejecting party, not from the date the offering party's counsel agreed to undertake the representation. § 768.79(6)(a), (b), Fla. Stat." *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 224 (Fla. 2003) (Wells, J., concurring). Here, in contrast, the statute authorizes fees incurred from the commencement of the litigation. Again, the statute provides: "The [ALJ] shall award the prevailing party reasonable attorney fees and costs incurred *during the administrative proceeding and any appeals.*" § 1002.33(8)(b), Fla. Stat. (2018) (emphasis added). This was a substantive change in the law and therefore did not apply to proceedings commenced before its effective date. Accordingly, we hold that its application in this case was an improper retroactive application.

We also agree with the School Board that treating the commencement of the case as the operative date makes the most sense, as that is the point where both parties can decide whether and how to proceed if potential liability exists for attorney's fees and costs. *Cf. Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1149 (Fla. 1985) ("The statute [which provided attorney's fees for the prevailing party in medical malpractice cases] may encourage an initiating party to consider carefully the likelihood of success before bringing an action, and similarly encourage a defendant to evaluate the same factor in determining how to proceed once an action is filed."). The sponsoring school board must make the initial choice to notice a charter school for termination, after which the charter school must evaluate the sponsor's reasons for termination and decide whether to contest the termination. § 1002.33(8)(b), Fla. Stat. (2018). The presence of a prevailing party provision informs these decisions.

## Conclusion

"Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted." *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994). The 2018 amendment created a new obligation that was not required by the version of the statute in effect when the School Board commenced the 90-day termination proceeding. Indeed, the parties had been litigating the termination proceeding for several months when the amendment took effect. Accordingly, the ALJ's application of the 2018 statute was error, and the award of attorney's fees and costs to Eagle is reversed.

8

CONNER and KLINGENSMITH, JJ., concur.

*  *  *

***Not final until disposition of timely filed motion for rehearing.***